## OPELIKA CITY *v.* DANIEL.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA.

Submitted October 10th, 1883.—Decided October 29th, 1883.

*Appeal—Jurisdiction—Practice.*

A brought suit against B upon bonds aggregating $24,000, on which over
$5,000 interest was claimed as overdue. Before trial A, by leave of court,
amended so as to include only 90 of the coupons originally sued on. He
took judgment for less than $5,000. *Held,* that the amendment was within
the discretion of the Court below, and this court has no jurisdiction.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

The action below was brought originally upon 119 interest
coupons cut from 24 bonds of the city of Opelika. The bonds
were in the aggregate for $24,000, and the amount claimed to
be due on the coupons was more than $5,000. At first a de-
murrer was filed to the complaint. This being overruled, the
validity of the bonds was put in issue by various pleas. Before
trial, the plaintiff, Daniel, asked and obtained leave to amend
his complaint so as to include only ninety of the coupons origi-
nally sued for. After the amendment a jury was empanelled,
and on the trial the ninety coupons only were put in evidence.
The verdict was for $4,755.64, and a judgment was entered
thereon for that amount and no more. To reverse that judg-
ment this writ of error was brought. At a former term, Daniel
moved to dismiss because the value of the matter in dispute did
not exceed $5,000. That motion was continued for hearing
with the case on its merits.

We decided at the last term in *Elgin* v. *Marshall,* 106 U. S.
578, that our jurisdiction depends on "the matter which is
directly in dispute in the particular cause in which the judg-
ment or decree sought to be reviewed has been rendered," and
that we are not permitted, "for the purpose of determining its
sum or value, to estimate its collateral effect in a subsequent
suit between the same or other parties." That, like this, was a
suit on coupons, and the judgment was for less than $5,000,
although the bonds from which they were cut amounted to

much more, and the validity of the bonds was one of the questions in dispute.    The two cases cannot be distinguished in this particular.

It was clearly within the discretion of the court to permit the amendment of the complaint before trial.    In *Thompson* v. *Butler*, 95 U. S. 694, we declined to take ·jurisdiction where the verdict was for more than $5,000, but the plaintiff, before judgment, with leave of the court, remitted the excess, and· actually took judgment for $5,000 and no more.    In that case it was said, p. 696 :

"Undoubtedly the trial court may refuse to permit a verdict to be reduced by a plaintiff on his own motion ; and if the object of the reduction is to deprive the appellate court of jurisdiction in a meritorious case, it is to be presumed the trial court will not allow it to be done.    If, however, the reduction is permitted, the errors in the record will be shut out from our re-examination in cases where our jurisdiction depends upon the amount in contro versy."

That case was ·stronger in favor of jurisdiction than this. There the reduction was made after verdict.    Here before trial. The plaintiff in effect discontinued his suit as to part of the coupons.    He certainly could have discontinued as to all, and it is difficult to see why he might not as to a part.

*The writ is dismissed for want of jurisdiction.*