## THE STATE, RUCKMAN Prosecutor, *v.* DEMAREST, Collector.

IN ERROR TO THE COURT OF ERRORS AND APPEALS OF NEW JERSEY.

Submitted January 10th, 1884.—Decided February 4th, 1884.

*Error—Practice.*

*Grigsby* v. *Purcell*, 99 U. S. 505, followed ; holding that if the transcript is not filed and the cause docketed during the term to which it is made returnable, or some sufficient excuse given for the delay, the writ of error or appeal becomes inoperative, and the cause may be dismissed by the court of its own motion or on motion of the defendant in error or the appellee.

Motion by a defendant in error to docket and dismiss a case.

*Mr. Peter W. Stagg* for the mover.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a motion by Cornelius N. Durie, the successor in office of Demarest, the defendant in error, to docket and dismiss a case. From the motion papers it appears that Demarest, as collector of the township, recovered a judgment against the State, Ruckman prosecutor, in the Court of Errors and Appeals

of New Jersey, on the 11th of July, 1866, and that Ruckman sued out a writ of error from this court, gave bond and had citation signed, but never docketed the case here. Ruckman died on the 5th of November, 1882, and Demarest in the summer of 1883.

Upon these facts it is clear that the writ of error had become inoperative for want of prosecution long before it abated by the death of the parties. *Grigsby* v. *Purcell*, 99 U. S. 505, and cases there cited. The exact date when the writ was sued out is not stated, but if it had been delayed until five years after the judgment, there was no time within ten years before the death of Ruckman that he would have been allowed to docket the case in this court, since that could only be done during the term to which the writ was returnable. It seems to us proper, therefore, to declare the suit abated by the death of the parties, and leave the representatives of those in interest to proceed accordingly. An order to that effect may be entered.