# GIBSON *v.* SHUFELDT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

Submitted April 11, 1887. — Decided May 23, 1887.

In a suit in equity brought in the Circuit Court by two or more persons on several and distinct demands, the defendant can appeal to this court as to those plaintiffs only to each of whom more than $5000 is decreed.

A debtor having made an assignment of his property to a trustee to secure a preferred debt of more than $5000, other creditors filed a bill in equity in the Circuit Court against the debtor, the trustee, and the preferred creditor; the defendants denied the allegations of the bill, but asked no affirmative relief; and the decree adjudged the assignment to be fraudulent and void as against the plaintiffs, and ordered the property to be distributed among them. *Held*, that this court had no jurisdiction of an appeal by the defendants, except as to those plaintiffs who had recovered more than $5000 each.

THIS was a motion to dismiss an appeal in equity. The material facts, appearing by the record, were as follows: Jenkins made a deed of assignment of a large amount of property to Watkins, in trust to sell it and to apply the proceeds to the

payment of his debts, first, to Gibson for more than $20,000, next, to other persons named, and lastly, to his creditors generally. Shufeldt & Co. filed a bill in equity in the Circuit Court against Jenkins, Watkins and Gibson, to have the assignment set aside as fraudulent and void against themselves and other unpreferred creditors of Gibson, and for general relief. The Mill Creek Distilling Company filed a similar bill. The defendants answered severally, denying the allegations of the bills, and praying to be dismissed with costs. By consent of the parties and order of the court, the two bills and intervening petitions of other unpreferred creditors were heard together as one cause. At the hearing upon pleadings and proofs, a receiver was appointed, the assignment was adjudged to be fraudulent and void as to the plaintiffs and petitioners, and the case was referred to a master; and upon the return of his report a final decree was entered for the distribution of the fund in the receiver's hands, paying $6756.22 to the Mill Creek Distilling Company, $3943.21 to Shufeldt & Co., and a less sum to each of the petitioning creditors. Gibson and Watkins appealed to this court, and the appellees now moved to dismiss the appeal as to all of themselves except the Mill Creek Distilling Company.

*Mr. Assistant Attorney General Maury* (with whom were *Mr. William W. Crump* and *Mr. John A. Coke*) for the motion.

No one opposing.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The question presented by this motion can hardly be considered an open one. But the subject has been so often misunderstood, that the court has thought it convenient to review the former decisions, and the grounds on which they rest.

By the act of February 16, 1875, c. 77, § 3, which differs from earlier laws only in increasing the amount required to give this court appellate jurisdiction from a Circuit Court of the United States, it is necessary that "the matter in dispute

shall exceed the sum or value of five thousand dollars, exclusive of costs." 18 Stat. 316.

The sum or value really in dispute between the parties in the case before this court, as shown by the whole record, is the test of its appellate jurisdiction, without regard to the collateral effect of the judgment in another suit between the same or other parties. *Elgin* v. *Marshall*, 106 U. S. 578; *Hilton* v. *Dickinson*, 108 U. S. 165; *The Jessie Williamson, Jr.*, 108 U. S. 305; *New Jersey Zinc Co.* v. *Trotter*, 108 U. S. 564; *Opelika* v. *Daniel*, 109 U. S. 108; *Wabash, &c., Railroad* v. *Knox*, 110 U. S. 304; *Bradstreet Co.* v. *Higgins*, 112 U. S. 227; *Bruce* v. *Manchester & Keene Railroad*, 117 U. S. 514.

The value of property sued for is not always the matter in dispute. In replevin, for instance, if the action is brought as a means of trying the title to property, the value of the property replevied is the matter in dispute; but if the replevin is of property distrained for rent, the amount for which avowry is made is the real matter in dispute, and the limit of jurisdiction. *Peyton* v. *Robertson*, 9 Wheat. 527.

When the object of a suit is to apply property worth more, to the payment of a debt for less, than the jurisdictional amount, it is the amount of the debt, and not the value of the property, that determines the jurisdiction of this court. This is well illustrated by two cases, in one of which the appeal was taken by the creditor, and in the other by a mortgagee of the property.

In *Farmers' Bank of Alexandria* v. *Hooff*, 7 Pet. 168, this court dismissed an appeal from a decree of the Circuit Court for the District of Columbia, dismissing a bill to have land, worth more than $1000, sold for the payment of a debt of less than $1000, which was the limit of jurisdiction, Chief Justice Marshall saying, "The real matter in controversy is the debt claimed in the bill; and though the title of the lot may be inquired into incidentally, it does not constitute the object of the suit."

In *Ross* v. *Prentiss*, 3 How. 771, land worth more, and mortgaged for more, than $2000, was about to be sold on execution

for a debt of a less sum, and a bill by the mortgagee to stay the sale was dismissed. He appealed to this court, and insisted that its jurisdiction depended on the value of the property and the amount of his interest therein, and that he might lose the whole benefit of his mortgage by a forced sale on execution. But the appeal was dismissed, Chief Justice Taney saying: "The only matter in controversy between the parties is the amount claimed on the execution. The dispute is whether the property in question is liable to be charged with it or not. The jurisdiction does not depend on the amount of any contingent loss or damage which one of the parties may sustain by a decision against him, but upon the amount in dispute between them; and as that amount is in this case below two thousand dollars, the appeal must be dismissed."

When a suit is brought by two or more plaintiffs, or against two or more defendants, or to recover or charge property owned or held by different persons, (which more often happens under the flexible and comprehensive forms of proceeding in equity and admiralty, than under the stricter rules of the common law,) the question what is the matter in dispute becomes more difficult. Generally speaking, however, it may be said, that the joinder in one suit of several plaintiffs or defendants, who might have sued or been sued in separate actions, does not enlarge the appellate jurisdiction; that when property or money is claimed by several persons suing together, the test is whether they claim it under one common right, the adverse party having no interest in its apportionment or distribution among them, or claim it under separate and distinct rights, each of which is contested by the adverse party; that when two persons are sued, or two parcels of property are sought to be recovered or charged, by one person in one suit, the test is whether the defendants' alleged liability to the plaintiff, or claim to the property, is joint or several; and that, so far as affected by any such joinder, the right of appeal is mutual, because the matter in dispute between the parties is that which is asserted on the one side and denied on the other.

In the leading case of *Oliver* v. *Alexander*, 6 Pet. 143, upon a libel in admiralty against the owners of a vessel to recover

seamen's wages, and an attachment of. the proceeds of the vessel in the hands of assignees, the libellants obtained a decree for the payment out of those proceeds to them respectively of sums less than $1000, but amounting in all to more than $2000, and the assignees appealed. This court, at January term 1832, in a judgment delivered by Mr. Justice Story, dismissed the appeal, for the reasons that the shipping articles constituted a several contract with each seaman to all intents and purposes; that, although the libel was in form joint, the contract with each libellant, as well as the decree in his favor, was in truth several, and none of the others had any interest in that contract, or could be aggrieved by that decree; that the matter in dispute between each seaman and the owners, or other respondents, was the sum or value of his own demand, without any reference to the demands of others; that it was very clear, therefore, that no seaman could appeal from the Circuit Court to this court, unless his claim exceeded $2000; "and the same rule applies to the owners or other respondents, who are not at liberty to consolidate the distinct demands of each seaman into an aggregate, thus making the claims of the whole the matter in dispute; but they can appeal only in regard to the demand of a seaman which exceeds the sum required by law for that purpose, as a distinct matter in dispute."

Upon like reasons, in *Rich* v. *Lambert*, 12 How. 347, where a libel by several owners of cargo against the ship to recover damages by improper stowage had been consolidated by order of the court with similar libels by other owners of cargo, and a decree entered awarding to the libellants respectively various sums, some more and some less than $2000, but amounting in all to more than $10,000, an appeal by the owner of the ship was dismissed as to all the libellants who had recovered less than $2000 each. Similar decisions were made at October term 1882, in two cases of libels to recover damages to ship and cargo by collision, in one of which the appeal was taken by the libellants, and in the other by the owner of the vessel against which the suit was brought. *Ex parte Baltimore & Ohio Railroad*, 106 U. S. 5; *The Nevada*, 106 U. S. 154. See

also *Clifton* v. *Sheldon*, 23 How. 481. In the intermediate case of *The Rio Grande*, 19 Wall. 178, in which material men joining in a libel *in rem* had severally recovered in the Circuit Court various sums, a motion by them to dismiss the appeal of the owners of the vessel was not sustained, because the motion was "to dismiss the appeal" generally, and not as to those only who had recovered sums insufficient to give this court jurisdiction.

The decisions in cases of salvage illustrate the application of the rule to different states of facts. From a decree on a libel for salvage of a ship and cargo, or of several parcels of goods, belonging to different owners, when the salvage demanded against the whole exceeds the jurisdictional limit, but the amount chargeable on the property of each owner is within it, no appeal lies, either by the salvors or by the owners. *Stratton* v. *Jarvis*, 8 Pet. 4; *Spear* v. *Place*, 11 How. 522. The reasons for this were summed up by Chief Justice Taney as follows: "The salvage service is entire; but the goods of each owner are liable only for the salvage with which they are charged, and have no common liability for the amounts due from the ship or other portions of the cargo. It is a separate and distinct controversy between himself and the salvors, and not a common and undivided one, for which the property is jointly liable." *Shields* v. *Thomas*, 17 How. 3, 6. Because the salvage service is entire, and is the common service of all the salvors acting together, and the salvage awarded is for that service, and the matter in dispute is the amount due the salvors collectively, and it is of no consequence to the owner of the property saved how the money recovered is apportioned among those who have earned it, this court has since decided that the owner of a ship may appeal from a decree against the ship for salvage which exceeds the sum of $5000, although the amount awarded to each salvor is less than that sum. *The Connemara*, 103 U. S. 754.

Upon like grounds, it was held in the case of *The Mamie*, 105 U. S. 773, that from a decree dismissing a petition to obtain the benefit of the act of Congress limiting the liability of shipowners, the owner of the vessel might appeal, even if

the value of the thing surrendered was less than $5000, when the claims against it were for much more · than twice that sum in the aggregate, though for only $5000 each; because, as explained in *Ex parte Baltimore & Ohio Railroad*, 106 U. S. 5, the matter in dispute was the owner's right to surrender the vessel, and to be discharged from all further liability, and if that right was established, he had nothing to do with the division of the fund thus created among those having claims against it.

To the same class may perhaps be assigned *Rodd* v. *Heartt*, 17 Wall. 354, where the appeal, which the court declined to dismiss, was by many creditors, secured by one mortgage for more than $5000, from a decree *in rem*, postponing that mortgage to claims of material men upon the vessel; but the report, both of the facts and the opinion, is so brief, that it is difficult to ascertain exactly upon what ground the court proceeded.

In equity, as in admiralty, when the sum sued for is one in which the plaintiffs have a joint and common interest, and the defendant has nothing to do with its distribution among them, the whole sum sued for is the test of the jurisdiction.

The earliest case of that class is *Shields* v. *Thomas*, 17 How. 3, in which this court held that an appeal would lie from a decree in equity, ordering a defendant, who had converted to his own use property of an intestate, to pay to the plaintiffs, distributees of the estate, a sum of money exceeding $2000, and apportioning it among them in shares less than that sum. The case was distinguished from those of *Oliver* v. *Alexander* and *Rich* v. *Lambert*, above cited, upon the following grounds:

"The matter in controversy," said Chief Justice Taney, "was the sum due to the representatives of the deceased collectively; and not the particular sum to which each was entitled, when the amount due was distributed among them, . according to the laws of the State. They all claimed under one and the same title. They had a common and undivided interest in the claim; and it was perfectly immaterial to the appellant how it was to be shared among them. He had no

controversy with either of them on that point; and if there was any difficulty as to the proportions in which they were to share, the dispute was among themselves, and not with him.

"It is like a contract with several to pay a sum of money: It may be that the money, when recovered, is to be divided between them in equal or unequal proportions. Yet, if a controversy arises on the contract, and the sum in dispute upon it exceeds two thousand dollars, an appeal would clearly lie to this court, although the interest of each individual was less than that sum."

To the same class belongs *Freeman* v. *Dawson*, 110 U. S. 264, in which the only matter in dispute was the legal title to the whole of a fund of more than $5000, as between a judgment creditor and the grantee in a deed of trust, no question arose of payment to or distribution among the cestuis que trust, and this court therefore took jurisdiction of an appeal by the trustee from a decree in favor of the judgment creditor.

In *Market Co.* v. *Hoffman*, 101 U. S. 112, in which, upon the bill of a number of occupiers of stalls in a market, a perpetual injunction was granted to restrain the market company from selling the stalls by auction, the reason assigned by this court for entertaining the appeal of the company was that "the case is one of two hundred and six complainants suing jointly, the decree is a single one in favor of them all, and in denial of the right claimed by the company, which is of far greater value than the sum which, by the act of Congress, is the limit below which an appeal is not allowable."

But in equity, as in admiralty, when several persons join in one suit to assert several and distinct interests, and those interests alone are in dispute, the amount of the interest of each is the limit of the appellate jurisdiction.

In *Seaver* v. *Bigelows*, 5 Wall. 208, a bill in equity by two judgment creditors for less than $1000 each, against their debtor and a person alleged to have fraudulently obtained possession of a fund of more than $2000 in value, to compel satisfaction of the debts out of that fund, was dismissed, and the plaintiffs appealed. This court dismissed the appeal for lack of jurisdiction, Mr. Justice Nelson saying: "The judgment cred-

itors who have joined in this bill have separate and distinct interests, depending upon separate and distinct judgments. In no event could the sum in dispute of either party exceed the amount of their judgment, which is less than $2000. The bill being dismissed, each fails in obtaining payment of his demands. If it had been sustained, and a decree rendered in their favor, it would only have been for the amount of the judgment of each." "It is true, the litigation involves a common fund, which exceeds the sum of $2000, but neither of the judgment creditors has any interest in it exceeding the amount of his judgment. Hence, to sustain an appeal in this class of cases, where separate and distinct interests are in dispute, of an amount less than the statute requires, and where the joinder of parties is permitted by the mere indulgence of the court, for its convenience, and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law."

In that case, indeed, the whole amount of both debts did not exceed $2000. But the opinion, as appears by the reasoning above quoted, and by the reference in it to *Oliver* v. *Alexander* and *Rich* v. *Lambert*, above cited, was evidently framed to cover two other cases, argued and decided contemporaneously with *Seaver* v. *Bigelows*, which do not appear in the official reports, except in this brief note: "Similar decree made for the same reason in the case of *Field* v. *Bigelow*, and in one branch of *Myers* v. *Fenn*." 5 Wall. 211, note. The opinions of Mr. Justice Nelson in those two cases, remaining on file, and published in the edition of the Lawyers' Coöperative Publishing Company, (Bk. 18, p. 604,) show the following facts: In *Field* v. *Bigelow*, the whole amount of debts sued for was more, although each debt was less, than $2000, and Mr. Justice Nelson said, "No one of the three separate and distinct classes of creditors held a judgment exceeding $2000. Neither judgment creditor, therefore, is entitled to an appeal to this court within the statute, as decided in the case of *Seaver* v. *Bigelow*." In *Myers* v. *Fenn*, the appeal was dismissed, on the authority of *Seaver* v. *Bigelows*, as to creditors whose claims were severally less, but not as to those whose claims were severally more, than that sum.

So in *Russell* v. *Stansell*, 105 U. S. 303,. where all the lands within a particular district. were assessed to pay a decree against the levee board of the district, and the amount assessed to each owner was less than $5000, and a bill filed by them jointly for an injunction against the collection of the assessment was dismissed, it was held that they could not appeal, because, as observed by the Chief Justice, "their object was to relieve each separate owner from the amount for which he personally, or his property, was found to be accountable," and "although the amount due the appellee from the levee district exceeds $5000, his claim on the several owners of property is only for the sum assessed against them respectively." See also *Chatfield* v. *Boyle*, 105 U. S. 231; *Adams* v. *Crittenden*, 106 U. S. 576.

The same rule has been applied in many recent cases where the appeal has been taken by the party who had been ordered by the decree below to pay several distinct claims amounting together to more than $5000.

In *Schwed* v. *Smith*, 106 U. S. 188, property worth more than $5000 having been taken on execution upon a judgment confessed by the owners in favor of one Heller for more than $5000, subsequent attaching creditors, whose claims were jointly more, but severally less, than that sum, filed a bill in equity against the debtors, Heller and the sheriff, and obtained a decree declaring Heller's judgment void as against the plaintiffs. An appeal by the defendants was dismissed on motion for want of jurisdiction, the Chief Justice saying, "It is impossible to distinguish this case in principle from *Seaver* v. *Bigelows*, 5 Wall. 208." "If the decree is several as to the creditors, it is difficult to see why it is not as to their adversaries. The theory is, that, although the proceeding is in form but one suit, its legal effect is the same as though separate suits had been begun on each of the separate causes of action." "Although the effect of the decree is to deprive Heller in the aggregate of more than $5000, it has been done at the suit of several parties on several claims, who might have sued separately, but whose suits have been joined in one for convenience and to save expense."

In *Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S. 265, the purchasers of a railroad subject to the debts of intervening petitioners appealed from a decree ordering them to pay various sums to the petitioners respectively, amounting in all to more than $5000, and the appeal was dismissed as to those petitioners whose debts were severally less than that sum. And in *Hassall* v. *Wilcox,* 115 U. S. 598, a similar decision was made upon an appeal by the trustee in a railroad mortgage from a decree in favor of several creditors claiming prior liens.

In *Fourth National Bank* v. *Stout,* 113 U. S. 684, the court dismissed the appeal of a bank from a decree adjudging that it held property of another corporation in trust for the creditors of the latter, (one of whom had filed the bill, and the others had intervened by leave of court pending the suit,) and directing the bank to pay to the creditors severally sums of less than $5000, amounting in all to more than $5000.

In *Stewart* v. *Dunham,* 115 U. S. 61, upon a bill in equity in behalf of judgment creditors, (including some who came in pending the suit,) against their debtor and one to whom he had made a conveyance of property alleged to be fraudulent and void as against his creditors, by the decree below the conveyance was adjudged to have been made to hinder, delay and defraud creditors, with the knowledge and connivance of the grantee, and was cancelled, set aside, and declared to be null and void, and the defendants were ordered to pay out of the property to the plaintiffs respectively various sums, one of which was more and the others less than $5000; and the defendants took an appeal, which was dismissed as to all the creditors except the one to whom more than $5000 had been awarded.

Upon the same principle, neither party can appeal from a decree upon a bill by a single plaintiff to enforce separate and distinct liabilities against several defendants, if the sum for which each is alleged or found to be liable is less than the jurisdictional amount. For instance, it was decided in *Paving Co.* v. *Mulford,* 100 U. S. 147, that the plaintiff could not appeal from the dismissal of a bill to assert a right against two

defendants in two distinct certificates of indebtedness, held by them severally, for sums severally less, though together more, than that amount; and in *Ex parte Phœnix Ins. Co.,* 117 U. S. 367, that four insurance companies could not appeal from a decree that each of them should pay $3000 to the plaintiff.

In the less frequent instances in which similar questions have arisen in proceedings at common law, the same distinctions have been maintained.

Where a writ of mandamus was issued to compel a county clerk to extend upon a tax-collector's books a sum sufficient to pay several distinct judgments held by different persons, it was held that the case was like *Seaver* v. *Bigelows* and *Schwed* v. *Smith,* above cited, and the defendant's right of appeal was determined by the amount of each judgment. *Hawley* v. *Fairbanks,* 108 U. S. 543. But where the writ commanded a collector to collect a tax of one per cent upon the property of a county, which had already been levied for the joint benefit of all the relators, it was held that the case was like *Shields* v. *Thomas* and *The Connemara,* above cited, and that the right of appeal depended upon the whole amount of the tax. *Davies* v. *Corbin,* 112 U. S. 36.

In ejectment against two defendants for two parcels of land, if each defendant claims only one parcel, the value of each parcel is the limit of appellate jurisdiction. *Tupper* v. *Wise,* 110 U. S. 398; *Lynch* v. *Bailey,* 110 U. S. 400. But if both defendants jointly claim both parcels, the value of both is the test. *Friend* v. *Wise,* 111 U. S. 797.

In *Henderson* v. *Wadsworth,* 115 U. S. 264, 276, where, in an action against heirs upon a debt of their ancestor, separate judgments were rendered against them for their proportionate shares, it was held that no one who had been thus charged with less than $5000 could appeal; and Mr. Justice Woods, in delivering judgment, referred to many of the cases above cited, and declared it to be well settled that "where a judgment or decree against a defendant, who pleads no counterclaim or set-off, and asks no affirmative relief, is brought by him to this court by writ of error or appeal, the amount in

dispute on which the jurisdiction depends is the amount of the judgment or decree which is sought to be reversed," and that "neither co-defendants nor co-plaintiffs can unite their separate and distinct interests for the purpose of making up the amount necessary to give this court jurisdiction upon writ of error or appeal."

The true line of distinction, as applied to cases like that now before us, is sharply brought out by the recent decisions of *Stewart* v. *Dunham*, 115 U. S. 61, and *Estes* v. *Gunter*, 121 U. S. 183, in each of which a preferred creditor for more than $5000 was on one side, and general creditors for less than $5000 each were on the other. In *Stewart* v. *Dunham*, the suit being brought by the general creditors against the debtor and the preferred creditor to whom the debtor had made the conveyance alleged to be fraudulent, and the latter seeking no affirmative relief, the matter in dispute as between the defendants and each of the plaintiffs was the amount of the claim of that plaintiff; but in *Estes* v. *Gunter*, the suit being brought by the preferred creditor against the trustee in the deed of assignment by which he was preferred, and the general creditors being summoned-in as defendants, and themselves asking no affirmative relief, the matter in dispute was the value of the debt preferred and of the property assigned to secure the preference.

The case at bar is exactly like *Stewart* v. *Dunham*. The suit is by the general creditors, only one of whose debts amounts to $5000; the trustee and the preferred creditor appear as defendants only, file no cross bill, and ask no affirmative relief; and the decree sets aside the fraudulent conveyance so far only as it affects the plaintiffs' rights. The sole matter in dispute, therefore, is between the defendants and each plaintiff as to the amount which the latter shall recover; and the motion to dismiss the appeal of the defendants as to all the plaintiffs except the one whose debt exceeds $5000 must be granted.

This result, as we have seen, is in accordance with a long series of decisions of this court, extending over more than half a century. During that period Congress has often legislated

on the subject of our appellate jurisdiction, without changing the phraseology which had received judicial construction. The court should not now unsettle a rule so long established and recognized.

*Motion granted.*