## THE SYDNEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 224. Argued March 17, 18, 1891. — Decided March 30, 1891.

On a libel *in rem*, against two canal boats, brought by two insurance companies, alleging that they had insured a cargo of wheat on board of one of the boats, which was lost through the carelessness of those in charge of the two boats, and that they had paid $9211.75 to the insured, who owned the wheat, as its value, and received an abandonment of the cargo, and were subrogated to the rights of the insured, the District Court dismissed the libel, and, on appeal, the Circuit Court reversed the decree and awarded to the libellants a decree for $8252.47, condemning both of the boats therefor. In the District Court one of the boats was sold for $2100 and the proceeds were paid into court, and a stipulation for value as to the other boat, in $1000, was given by consent. The claimant, who owned both of the boats at the time of the loss, appealed to this court; *Held*, that this court had no jurisdiction of the appeal,

because all that was involved was the $2100 and $1000, and the aggregate of those sums did not exceed $5000; and there was no decree *in personam* against the claimant.

The cases of *Elgin* v. *Marshall,* 106 U. S. 578, and *The Jessie Williamson, Jr.,* 108 U. S. 305, cited and applied.

IN ADMIRALTY.    The case is stated in the opinion.

*Mr. J. A. Hyland* for appellants.

*Mr. Edward D. McCarthy* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a libel in admiralty, *in rem,* filed on the 23d of July, 1883, in the District Court of the United States for the Southern District of New York, by the Providence Washington Insurance Company, of Providence, Rhode Island, and the Security Insurance Company, of New Haven, Connecticut, against the steam canal-boat Sydney and the canal-boat William Worden.

The libel alleged that on May 17, 1883, the Sydney and the Worden, owned by the same persons and engaged in the business of common carriers to and from the cities of New York and Buffalo, by way of the Erie Canal and the Hudson River, left Buffalo for New York, having on board, with other merchandise, 7900 bushels of wheat, of the value of $9211.75, consigned to Armour, Plankinton & Company, of New York, the owners thereof; that on May 29, 1883, the boats ran aground on Esopus Island in the Hudson River, whereby the Worden was so damaged that she sank and the wheat which was on board of her became a total loss, through the carelessness of those in charge of the two boats; and that on the 17th of May, 1883, the libellants, by a policy of insurance, insured Armour, Plankinton & Company on the said cargo of wheat against the usual marine risks and perils of the voyage from Buffalo to New York, and, under the policy, on the occurrence of the said loss, accepted from the insured an abandonment of the cargo as for a total loss, and paid to them $9211.75, and thereby became subrogated to all the rights of Armour, Plank-

inton & Company, for such loss, against the Sydney and the Worden.

The libel prayed for process against the two boats, for a. citation to all persons claiming any right, title or interest in the same, for the payment of the claim of the libellants, with interest and costs, for the condemnation and sale of the said vessels to pay the same and for such other and further relief in the premises as in law and justice the libellants might be entitled to receive.

On the 14th of August, 1883, one Charles E. Wager put in a claim to the two vessels as their owner. On the 15th of August, 1883, the District Court made an order, on the consent of the proctors for the claimant, that the Sydney be sold by the marshal. The marshal sold the Sydney for $2100, and he paid that sum to the clerk of the court, after deducting his costs and disbursements, amounting to $166.84. On the 28th of August, 1883, the proctors for the libellants and the claimant agreed that the value of the Worden be fixed at $1000, in lieu of an appraisement, and that a bond to the marshal be given in that amount, which was accordingly done.

On the 7th of September, 1883, Wager put in an answer to the libel, setting up that at the times alleged in it he was the owner of the Sydney and the Worden, admitting that the wheat on board of the Worden was consigned to Armour, Plankinton & Company, denying that the sinking of the Worden was caused through negligence; denying, also, that the libellants insured Armour, Plankinton & Company, and averring that any payment made by the libellants for the loss of the wheat was paid for the benefit and to the credit of Wager; that he paid the premium for the insurance on the wheat, to insure him against his liability as a common carrier, and with a distinct agreement with the shippers of the wheat and the libellants that, in case of any loss or damage to the wheat while *in transitu*, the payment of such loss or damage by the insurance companies should accrue to his benefit and relieve him from his liability as a common carrier for such damage and loss; and that he paid such premium with the knowledge and consent of the libellants, and in accordance with the well-.

established custom existing at Buffalo, whereby common carriers insured themselves against losses under their liability as such for damage and loss to the cargoes shipped on board of their boats.

The case was tried before Judge Brown, in the District Court, who dismissed the libel with costs, giving an opinion which is reported in 23 Fed. Rep. 88.

The libellants appealed to the Circuit Court, where the case was heard by Judge Wallace, who made a decree reversing the decree of the District Court, awarding to the libellants a recovery against both boats for $6175.89 and $1420.30 interest, and $656.28 costs in both courts, being an aggregate of $8252.47, and decreeing that the two boats be condemned therefor. The decree also recited that the Sydney had been sold and the proceeds of the sale, to wit, $2100, had been paid by the marshal into the registry of the court, and that the value of the Worden was fixed by consent at $1000, for which the usual stipulation for value was duly given, and directed that the proceeds of the sale of the Sydney be paid over to the proctor for the libellants, and that the stipulators for the value of the Worden cause the engagement of their stipulation to be performed. The opinion of Judge Wallace is reported in 27 Fed. Rep. 119. He filed the proper findings of fact and conclusions of law. Wager, the claimant, appealed to this court.

The first question which arises is as to the jurisdiction of this court, inasmuch as the proceeds of the sale of the Sydney were only $2100, and the value of the Worden was only $1000, the aggregate of these two sums not exceeding $5000. There was no decree against any person *in personam*, for any amount. The only decree was that the Sydney and the Worden be condemned for the $8252.47.

We are of opinion that this court has no jurisdiction of this appeal. In *Elgin* v. *Marshall*, 106 U. S. 578, a judgment had been rendered by a Circuit Court for $1660.75 against a town, on interest coupons detached from bonds which the town had issued. The bonds were for a larger sum than $5000. It was held by this court that it had no jurisdiction to reëxamine the

judgment, on the ground that the statute limiting the appellate jurisdiction of this court to cases where the matter in dispute, exclusive of costs, exceeded the sum or value of $5000, had reference to the matter directly in dispute in the particular cause in which the judgment sought to be reviewed had been rendered, and did not permit the court, for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties. It was further said that the court could not add to the value of the matter determined any estimate in money by reason of the probative force of the judgment itself in some subsequent proceeding.

The principle involved in *Elgin* v. *Marshall* was, on the authority of that case, applied by this court in an admiralty cause, *The Jessie Williamson, Jr.*, 108 U. S. 305, the facts in which were substantially like those in the present case. In the case of *The Jessie Williamson, Jr.*, the counsel for the appellant invoked the authority of *The Enterprise*, 2 Curtis, 317, as taking the case out of the rule laid down in *Elgin* v. *Marshall*. In *The Jessie Williamson, Jr.*, the libellant in a suit *in rem*, in admiralty, against a vessel, claimed in his libel to recover $27,000 for damages growing out of a collision. A stipulation in the sum of $2100, as the appraised value of the vessel, was given in the District Court. The libel having been, on appeal, dismissed by the Circuit Court, the libellant appealed to this court, which held that the matter in dispute did not exceed the sum or value of $5000, exclusive of costs, and that it had no jurisdiction of the appeal. In *The Jessie Williamson, Jr.*, it was said by this court, that, although the libellant might recover $27,000 against the vessel, it was plain that he could not recover on the stipulation for value, which represented her, more than $2100, and could not recover against the sureties in the stipulation more than that amount; and that, the suit being one *in rem* only, the value of the vessel, represented by the stipulation, was all that was in dispute, because that was all that the libellant could obtain or the stipulators lose in the suit. It was further shown, in the opinion in *The Jessie Williamson, Jr.*, that the facts in that case differed from the

facts in the case of *The Enterprise;* so that, whatever was said by this court in apparent recognition of the propriety of the decision in the case of *The Enterprise* must be regarded as *obiter dictum,* and the views set forth in the opinion in the last-mentioned case, so far as they conflict with the actual rulings of this court in the cases of *Elgin* v. *Marshall* and *The Jessie Williamson, Jr.,* must be regarded as not having had the affirmative approval of this court.

The principle of the case of *Elgin* v. *Marshall,* that the sum or value really in dispute between the parties in the case before this court, as shown by the whole record, is the test of its appellate jurisdiction, without regard to the collateral effect of the judgment in another suit between the same or other parties, has since been repeatedly affirmed by this court, and that case cited and approved. *Opelika City* v. *Daniel,* 109 U. S. 108; *Bruce* v. *Manchester & Keene Railroad,* 117 U. S. 514; *Gibson* v. *Shufeldt,* 122 U. S. 27; *Vicksburg &c. Railroad* v. *Smith,* 135 U. S. 195.

The case of *The Jessie Williamson, Jr.,* has been cited with approval by this court in *Bowman* v. *Chicago & Northwestern Railway,* 115 U. S. 611, and *Gibson* v. *Shufeldt,* 122 U. S. 27.

It is very clear that if the libel in the present case had been dismissed by the Circuit Court, the libellants could not have appealed. The right of appeal must be reciprocal, and the statute does not give to one party an advantage over the other party, under the same circumstances. *Hilton* v. *Dickinson,* 108 U. S. 165; *The Jessie Williamson, Jr.,* 108 U. S. 305, 311.

*The appeal is dismissed for want of jurisdiction.*