## WRIGHT v. MUTUAL LIFE INS. CO. OF NEW YORK.

Circuit Court of Appeals, Fifth Circuit.
May 11, 1927.

No. 4839.

Courts ⬡328(2)—Federal court did not have jurisdiction of suit involving insurance installments of $420, though affecting future liability for jurisdictional amount.

Federal District Court *held* not to have jurisdiction of suit against insurance company for installments amounting to $420, though decision on question involved would work estoppel as to liability for future installments in aggregate amount exceeding jurisdictional amount of $3,000, since collateral effect of judgment is not test of jurisdiction.

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action by Edgar M. Wright, as guardian of Nettie T. Henderson, a minor, against the Mutual Life Insurance Company of New York, removed from the state court. Motion to remand was denied (3 F.[2d] 501), and decree entered, awarding plaintiff judgment for a less amount than that demanded, and plaintiff appeals. Reversed, with directions.

C. C. Brannen, of Troy, Ala., and Richard T. Rives, of Montgomery, Ala. (Wiley C. Hill, of Montgomery, Ala., on the brief), for appellant.

Wm. Douglas Arant, of Birmingham, Ala. (F. L. Allen, of New York City, Bradley, Baldwin, All & White, of Birmingham, Ala., and Jones & Thomas and C. P. McIntyre, all of Montgomery, Ala., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee became liable on a life insurance policy which provided for the payment of a monthly income of $30 upon proof of death of the insured, and double indemnity, or a monthly income of $60, upon proof that such death occurred by accidental means. The income so payable was to continue 20 years at all events, and thereafter during the lifetime of the original beneficiary.

Appellant, a citizen of Alabama, brought a common-law action in a state court to recover $420 upon 7 monthly installments then due, on the theory that the death of the insured was accidental. Appellee, a New York corporation, filed a petition for removal to the federal District Court on the ground of diversity of citizenship, and alleged that the matter in controversy exceeded the jurisdictional amount of $3,000. A motion by appellant to remand was denied. 3 F.(2d) 501.

Appellee then filed an equitable plea, which alleged that the insured died by his own voluntary act, and not as the result of an accident, set out a clause of the policy which provided that the policy should be surrendered to the company upon its maturity, and that a supplementary contract should then be issued for the income payable thereunder, and tendered a supplementary contract providing for the payment of a monthly income of $30. The District Judge transferred the case to the equity docket, and, after the taking of evidence, sustained the equitable plea. Thereupon a final decree was entered, denying liability for double indemnity, and awarding to appellant judgment for $1,136.54, which was the aggregate amount of the installments then past due at the rate of $30 a month, and requiring appellant to surrender the original policy of insurance, and accept in lieu thereof the supplementary contract tendered, thus requiring future payments to be made at the same rate of $30 a month.

We are of opinion that the trial court did not have jurisdiction of the subject-matter, and therefore erred in denying appellant's motion to remand the cause to the state court. "The matter in controversy" was the amount for which appellant could recover judgment. That amount, which could not exceed $420, was much less than is required to confer jurisdiction on a federal District Court. It is true that in this action the question was involved whether appellee was liable for double indemnity on past-due installments, and that a decision upon that question would work an estoppel as to liability for future installments in an aggregate amount which would exceed the jurisdictional amount of $3,000. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195.

But the collateral effect of a judgment is not the test of jurisdiction. It was so held in the leading case of Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249. That was a suit upon coupons of a value less than was required to confer jurisdiction, but it involved the validity of bonds from which the coupons had been detached, and the value of the bonds was sufficient to give jurisdiction. It was dismissed for want of jurisdiction. The ruling in that case has not been departed from, but has been followed by the Supreme Court in subsequent cases. Opelika City v. Daniel, 109 U. S. 108, 3 S. Ct. 70, 27 L. Ed. 873; Gibson v. Shufeldt, 122 U. S. 27, 7 S. Ct. 1066, 30 L. Ed. 1083; Vicksburg, etc., R. R. Co. v.

Smith, 135 U. S. 195, 10 S. Ct. 728, 34 L. Ed. 95; The Sydney, 139 U. S. 331, 11 S. Ct. 620, 35 L. Ed. 177; New England Mortgage Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646.

This case cannot be distinguished from Elgin v. Marshall, supra, on the ground that here it is certain, and there it was uncertain, whether the judgment would work an estoppel in a subsequent suit. In New England Mortgage Co. v. Gay, supra, it was said: "It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." In Vicksburg, etc., R. R. Co. v. Smith, supra, plaintiff and defendant each claimed title to a tract of land containing 186 acres, the value of which was sufficient to confer jurisdiction. The plaintiff sued for possession of 40 acres of this tract, the value of which was less than the amount necessary to confer jurisdiction, but the point involved was the title to the whole tract. It was held that the value of the 40 acres was the test of jurisdiction, and the suit was dismissed.

Appellee's equitable plea, which sought to compel appellant to surrender the policy of insurance and accept in lieu thereof a supplementary contract, did not change the nature of the suit, or the rights of the parties, or increase the amount in controversy. The only disputed question of fact was whether the insured committed suicide or died as the result of an accident. Liability depends upon the contract between the parties. That liability was not changed by anything contained in the supplementary contract.

The decree is reversed, with directions to remand the cause to the state court.