**SCARBOROUGH et al. v. MOUNTAIN STATES TELEPHONE & TELEGRAPH CO.**

Civ. No. 170.

District Court, W. D. Texas, El Paso Division.

May 5, 1942.

Ernest Guinn, Co. Atty., of El Paso, Tex., for plaintiffs.

Burges, Burges, Scott, Rasberry & Hulse, of El Paso, Tex., for defendant.

BOYNTON, District Judge.

Plaintiff, M. Scarborough, and three other plaintiffs, viz.: B. P. Sainz, Charles A. Ruiz and H. A. Carnes, all resident citizens of El Paso County, State of Texas, filed suit in the District Court of El Paso County, 41st Judicial District of Texas, each suing in his own behalf, and alleging also on behalf of others similarly situated, not named, against defendant, the Mountain States Telephone & Telegraph Company, a non-resident corporation, alleged as duly created, incorporated and existing under and by virtue of the laws of the State of Colorado, doing business in the State of Texas, El Paso County, Texas: each plaintiff seeking recovery of a money judgment, in a certain definite amount as alleged, against defendant, in refund or repayment to such plaintiff of funds aggregating amounts as alleged, alleged as wrongfully and unlawfully collected by defendant of such plaintiff, during period alleged, as unjust and unlawful discrimination and over-charge, or over-charges, in nature of telephone rates charged and collected by defendant of such plaintiffs, respectively, and praying for issuance of injunction enjoining defendant from collection of such alleged over-charge or unwarranted rate, in the future, and from cutting off telephone service to such plaintiffs because of non-payment of alleged excessive and unwarranted rate charged.

Defendant filed petition and bond for removal of the case to the United States District Court, on the ground of being a non-resident, diversity of citizenship, and alleging the amount in controversy, matter in controversy, as involving in excess of $3,000, the right to fix telephone rates, and that the rates fixed by defendant are reasonable and just, not discriminatory, and should not be enjoined or interfered with; and the case thereupon removed to this Court.

Plaintiffs file motion to remand, urging as ground that the case should be remanded, because the "amount in controversy", "matter in controversy", relief sought by each individual plaintiff, respectively, is less than $3,000, or even in the aggregate not as much as $3,000, an amount below the jurisdiction of this Court; and the Court therefore without jurisdiction, notwithstanding existence of diversity of citizenship between defendant and plaintiffs.

There is no question or controversy as to diversity of citizenship existing between defendant and plaintiffs; this being conceded.

The question involved, in determination of the motion to remand herein, therefore is a determination of the "amount or matter in controversy". This must be tested by the pleadings at the time of removal, plus any admissions and undisputed evidence on that point. In the absence of special facts, as distinguished from conclusions, alleged in the petition for removal, the allegations of the original petition control, and the Court is not entitled to consider any counterclaim or contention to be raised by defendant in its answer. Chesapeake & Ohio R. R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Smith v. United Gas Public Service Co., D.C.W.D.La.1932, 2 F.2d 211.

On reading and analysis of plaintiffs' pleading and cause of action, as set forth in plaintiffs' orginal petition, the Court finds that each of the four plaintiffs named, joining in said petition, seeks recovery of a certain definite money judgment against the defendant, for a certain definite sum and amount, viz., as follows: Plaintiff M. Scarborough for the sum of $144 and interest thereon; plaintiff B. P. Sainz for the sum of $120 and interest thereon; plaintiff Charles A. Ruiz for the sum of $120 and interest thereon, and plaintiff H. A. Carnes for the sum of $3.50 and interest thereon; in refund or repayment of funds and amounts alleged as wrongfully and unlawfully collected by defendant of such plaintiffs during period alleged, as unjust and unlawful discrimination and over-charge, or over-charges, in nature of telephone rates charged and collected by defendant of such plaintiffs, each respectively, and praying for issuance of an injunction enjoining defendant from collection of such alleged over-charge or unwarranted rate in the future, and from cutting off telephone service to such plaintiffs, respectively, because of nonpayment of alleged excessive and unwarranted rates charged, and on behalf of other persons similarly situated, not named.

The Court finds, from the pleadings in the case, that the amount in controversy of each of said named plaintiffs, respectively,

to be much less than $3,000; and to be for the exact sums and amounts as hereinabove specified. Held, that the claims and contentions of each plaintiff are each separate and distinct from that of any other plaintiff, or person, though they may have a common origin and may be collaterally affected by determination of the principles involved in the litigation; and that plaintiffs have joined as such herein as a matter of convenience and economy.

■ Distinct and separate interests of complainants in a suit for debt, damages or relief against further assessments or charges, whether they have been made or merely threatened, cannot be aggregated or united for the purpose of making up amount necessary to give jurisdiction to Courts of the United States. Wheless v. City of Saint Louis, 180 U.S. 379, 382, 21 S. Ct. 402, 45 L.Ed. 583; City of Ogden v. Armstrong, 168 U.S. 224, 18 S.Ct. 98, 42 L. Ed. 444; Pinel v. Pinel, 240 U.S. 594, 36 S. Ct. 416, 60 L.Ed. 817; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Thomson, Trustee et al. v. Gaskill et al., 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. ——, Op. March 2, 1942; Small et al. v. Frick, D.C., 40 F.Supp. 778, 781.

■ The policy of the statute conferring diversity jurisdiction upon the United States District Courts, Jud.Code § 24(1), 28 U.S.C.A. § 41(1) calls for its strict construction. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248; Town of Elgin v. Marshall, 106 U.S. 578, 580, 1 S.Ct. 484, 27 L.Ed. 249. Where a question is raised as to "amount or matter in controversy" burden of proof rests upon the party seeking jurisdiction of the United States District Court; which in the instant case, the case at bar, is held to be upon the defendant herein seeking removal of this case from the State Court to the United States District Court. Healy v. Ratta, supra.

■ It is held the amount or value of the "right" in dispute cannot be augmented for jurisdictional purposes by collateral effect judgment in case may produce. Moore's Federal Practice, Vol. 2, Sec. 23.08; Pinel v. Pinel, 240 U.S. 594; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Clark

v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001; Thomson, Trustee et al., v. Gaskill et al., 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. ——, March 2, 1942; Independent Shares Corporation v. Deckert, 3 Cir., 108 F.2d 51. Where a "right", the value of which is test of jurisdiction, under Jud.Code Sec. 24(1), 28 U.S.C.A. § 41(1), exists in favor of many persons as against one, or in favor of one against many, and in its nature separable, then the separate values cannot be added together to bring the value of the matter in controversy within jurisdiction requirements. Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493–501.

This is not a class action or a suit to restrain a multiplicity of actions.

■ The Court finding plaintiffs each. asserting a separate distinct claim and demand against defendant, each in amount and relief sought much less than $3,000, amount requisite to the jurisdiction of this Court, and joined as plaintiffs merely for economy and convenience; held, this Court to be without jurisdiction. Hence order will be entered herein sustaining plaintiffs' motion to remand, and remanding the case to the State Court. City of Elgin v. Marshall, supra; Russell v. Stansell, 105 U.S. 303, 26 L.Ed. 989; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Vicksburg, Shreveport & Pacific R. R. Co. v. Smith, 135 U.S. 195, 200, 10 S.Ct. 728, 34 L.Ed. 95; Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044; The Sydney, 139 U.S. 331, 336, 11 S.Ct. 620, 35 L.Ed. 177; New England Mortgage Co. v. Gay, 145 U.S. 123, 127, 12 S.Ct. 815, 36 L.Ed. 646; Wheless v. St. Louis et al., supra; Pinel v. Pinel, supra; Lion Bonding & Surety Co. v. Karatz, supra; Mutual Life Ins. Co. of New York v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726, affirming Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Clark v. Paul Gray, Inc., supra; Healy v. Ratta, supra; Sovereign Camp Woodman of the World v. O'Neil, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Thomson, Trustee, et al., v. Gaskill, et al., supra; Elliott v. Empire Natural Gas Co., supra; Georgia Power Co. v. Hudson, 4 Cir., 49 F.2d 66, 75 A.L.R. 1439; Independent Shares Corp. v. Deckert, supra; Small et al. v. Frick, supra.