## WOODARD v. MUTUAL LIFE INS. CO. OF NEW YORK.

### Civil Action No. 1365.

District Court, W. D. Louisiana, Shreveport Division.

March 8, 1945.

announced his intention to go forward in that tribunal notwithstanding the filing in this court of certified copy of the record as provided by the Federal Statute. The court could not act on the matter until the copy of the record in the state court filed in this court was sent to it by the clerk. This having been done, rule to show cause only was issued. At the hearing on the rule, the application for injunction was abandoned and the matter was submitted upon a motion to remand.

At the threshold we are confronted with the question of whether the amount in controversy was within the minimum jurisdiction of this court when the attempt to remove was made. The prayer of plaintiff's petition is for judgment for the sum of $200 a month from August 1, 1944 to and including January 1, 1945, or $1200, representing alleged benefits of $100 per month for total and permanent disability under a policy of insurance and equal monthly amounts under a state statute as penalties for failure to promptly pay; the sum of $89.60 as a refund of premium not due under the policy; and, the sum of $1500 as attorneys' fees, and aggregating a total of $2789.60.

The petition further alleges that plaintiff became totally and permanently disabled on February 26, 1941, which defendant subsequently recognized, and in October 1941, paid to the plaintiff the stipulated monthly benefits accruing on the three policies, beginning May 27, 1941, and continued to and including July 1, 1944; that from August 1, 1944, without just cause, defendant had discontinued payments, but that by reason of its prior full investigation, recognition and payment of the sums due, it had admitted the "existence of total disability in the plaintiff and was estopped to deny same."

Meadors & Gensler, of Homer, La., and Harry V. Booth, of Shreveport, La., for plaintiff.

Chandler, Lunn & Trichel, of Shreveport, La., and Richard B. Montgomery, of New Orleans, La., for defendant.

DAWKINS, District Judge.

Defendant in the above case presented to this court an application for a temporary restraining order, and finally an injunction, to prevent plaintiff from further proceeding in the state court, alleging that the suit filed originally therein, had been denied removal by the judge of the state court; and that counsel for plaintiff had

In the petition for removal, defendant alleged, that in addition to the total amounts due in benefits and refund of premium, plaintiff had alleged that it, defendant, was estopped from "contesting his disability at the present time without having called upon him for any information, additional proof, or medical examination during 1944"; that "under the prayer of plaintiff * * * and particularly the plea of estoppel and waiver, that the amount in dispute is over $3000, etc." The petition for removal then proceeded to allege as a legal conclusion that "the pleas of estoppel and waiver will forever prevent (defendant) * * * from contesting the said claim and

will require" it "to set up a reserve of over $3000" and that, based on plaintiff's life expectancy, the amount involved will greatly exceed said sum.

In presenting the application for the restraining order and injunction originally, when the court called for authorities, counsel for defendant relied principally on a case decided by the present judge of this court, to-wit, Womble v. Mutual Life Ins. Co. of New York, 59 F.Supp. 449, wherein a similar issue was raised and decided in 1940. It was contended that the Womble case was controlling here. It is my view that there is a distinction between the Womble and the present case in that in the former Womble had passed the minimum age of sixty years during which disability benefits could be claimed, according to his own allegations, before the suit was filed. He alleged that his failure to timely notify the insurance company and to demand the benefits was due to his mental and physical condition. In that situation, it was this court's opinion that the provisions of the policy relating to total disability were involved for the entire remaining life expectancy of the insured. In other words, if he could not establish facts which would legally relieve him from the failure to demand the benefits within the time required by the policy, they had been forever lost according to the allegations of his own petition. It was held therefore in passing on the motion to remand that more than $3000 was involved, since, if he failed in his demand, he would lose all rights to disability benefits and the company would in turn be relieved from paying them for the remainder of his life expectancy as a consequence of any judgment that might be rendered thereunder. In support of that view the case of Mutual Benefit, Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570, 571, was cited wherein the insurance company had sued to cancel a policy carrying similar disability benefits on the ground of fraud. In the Fortenberry case it was further alleged that the insured had made claims for disability benefits but he had not filed suit thereon and the insurer desired to have the question of validity of the entire policy determined under the equity powers of the court. In reversing the lower court's holding that the amount involved was less than the minimum jurisdiction of a Federal Court, the Court of Appeals for the Fifth Circuit said:

"Here the insurance company is suing to cancel the policy to protect its rights under the whole contract. In that aspect obligations it may be compelled to pay in the future are not merely contingent and enter into the amount in dispute."

Judge Foster, as the organ of the court, differentiated that case from others such as Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; and Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L. Ed. 726. In the Wright case the policy provided for the payment to the beneficiary of $30 per month at death and double that amount if caused by accidental means, which was to continue for at least twenty years. The insured died and the beneficiary sued in the state court for $420 as for seven months on the charge that the death was accidental. It was removed to the Federal Court, and a motion to remand having been denied, defendant pleaded suicide, and set up a clause of the policy that on maturity it should be surrendered and another issued for the income payable thereunder, for which purpose it "tendered a contract providing for the monthly income of $30."

After transferring the case to the equity side of the docket, upon hearing the evidence, the court sustained the equitable plea, denied liability for double indemnity and gave judgment to the beneficiary for accrued benefits and for the future at $30 a month. In doing so it was said:

"We are of opinion that the trial court did not have jurisdiction of the subject-matter, and therefore erred in denying appellant's motion to remand the cause to the state court. 'The matter in controversy' was the amount for which appellant could recover judgment. That amount, which could not exceed $420, was much less than is required to confer jurisdiction on a federal District Court. It is true that in this action the question was involved whether appellee was liable for double indemnity on past-due installments, and that a decision upon that question *would work an estoppel as to liability for future installments* in an aggregate amount which would exceed the jurisdictional amount of $3,000. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. [Emphasis by this Court].

"But the collateral effect of a judgment is not the test of jurisdiction. It was so held in the leading case of [Town of] Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249. That was a suit upon cou-

pons of a value less than was required to confer jurisdiction, but it involved the validity of bonds from which the coupons had been detached, and the value of the bonds was sufficient to give jurisdiction. It was dismissed for want of jurisdiction. The ruling in that case has not been departed from, but has been followed by the Supreme Court in subsequent cases. [City of] Opelika v. Daniel, 109 U.S. 108, 3 S.Ct. 70, 27 L.Ed. 873; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Vicksburg, etc., R. Co. v. Smith, 135 U.S. 195, 10 S.Ct. 728, 34 L.Ed. 95; The Sydney, 139 U.S. 331, 11 S.Ct. 620, 35 L.Ed. 177; New England Mortgage [Security] Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646."

In the present case the amount for which judgment is asked is patently below the jurisdiction of this court, but because of the plea of estoppel by plaintiff, coupled with the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as well as decisions of Louisiana Courts, defendant contends that more than $3000 is involved. In the case last cited it was held that the estoppel then pleaded could not serve to involve the payments for the whole twenty years over which they would run, even though a finding that the death was not accidental, forever barred the right to recover more than $30 a month. All the more reason why, in a case like the present one, where the insurer may at annual intervals, require the plaintiff to show the continuation of disability, should the plea of estoppel not serve to increase the amount in controversy. As to reserves, no case has been found, where, the demand was based on accruing monthly or yearly benefits, and no attack was made upon the existence or validity of the contract, it has been held that this alone is sufficient to sustain jurisdiction.

At the hearing and oral argument and in brief counsel for defendant claimed that earlier decisions are no longer controlling for the reason that under Rule 54 of the Federal Rules of Civil Procedure, if plaintiff is held entitled to recover, he should have judgment for future payments. It is also asserted that this is the law of the state as established by the case of Manuel v. Metropolitan Life Ins. Co., La.App., 139 So. 548, cited by defendant, and in view of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court is bound to follow it.

■ In determining the amount involved the problem is "essentially the same" as for the purpose of original jurisdiction. Cyc.Fed.Proc.(2d) Vol. 2, p. 304, Sec. 408, and authorities cited in footnotes. Counsel for defendant also argues that, since, by the time this case can be tried, and not later than March 1, 1945, another instalment will have become due for which judgment should be given if plaintiff prevails, and this would cause the amount to exceed $3000. This argument has the effect of saying that, even though sufficient were not involved when the application was made to remove, jurisdiction would be acquired by the lapse of time before a decision on the merits. The law and cases cited in support of these views will be considered further on in this opinion, after pertinent and what the court believe to be applicable provisions of the Federal law and jurisprudence, have been analyzed.

■ The controlling facts and circumstances to support jurisdiction are those which exist at the time the suit is filed in original proceedings in this court or at the date of removal here on the ground of diverse citizenship. Cyc.Fed.Proc., Vol. 1, p. 344, Sec. 143. In Ford, Bacon & Davis v. Volentine, 64 F.2d 800, 801, the Court of Appeals for this circuit had under consideration the issue of jurisdiction wherein the action was begun by both mother and father for alleged wrongful death of a son. The mother had died before judgment and an amendment was filed by the father reciting this fact, and praying judgment for the amount claimed by him only, which was less than $3000. In answer to the contention that jurisdiction had then been lost the court said:

"The jurisdiction of the court which had fully and rightly attached was not ousted thereby any more than if the suit had been for a house worth $2,000 on a lot worth $2,000 and the house had burned before trial. In cases like that supposed or like that before us it might happen that a bar had attached pending suit which would prevent success in a new action in the state courts for the lessened amount. *Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor devest it.* This is well settled as to diversity of citizenship. Tug River [Coal & Salt Co.] v. Brigel, 6 Cir., 86 F. 818; Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93; Clarke v. Mathewson, 12 Pet. 164, 9 L.Ed. 1041; Dunn v. Clarke, 8 Pet. 1, 8 L.Ed. 845; Mullen v. Torrance, 9 Wheat. 537, 6 L.Ed. 154. It has also been held, we think correctly,

touching the amount involved. Mutual Life Ins. Co. v. Rose, D.C., 294 F. 122; Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687. The case was rightly retained for trial." [Emphasis by the Court].

■ The contention of defendant, if sustained, could have the following illogical effects: If plaintiff had sued originally in this court for amounts totalling say $2000, but claimed because of the same equitable plea of estoppel, as in the present case, he was entitled to recover not only that sum but subsequently accruing amounts, which would before trial, amount to more than $3000, defendant, through purposeful delays, or the fact the court was in vacation, might stave the matter off until more than the necessary amount was due and thereby require the court to retain jurisdiction because sufficient instalments had become due. I can not agree with this view.

■ Taking up now the cases cited by defendant's counsel, first in connection with the contention that decisions of the state court are binding upon us under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it must be remembered that the matters of jurisdiction and venue of the Federal Courts are controlled by national statutes and decisions and can not be affected by those of the state. Cyc.Fed.Proc.(2d) p. 174; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272; Carby v. Greco, D.C., 31 F.Supp. 251, and authorities cited.

■ In the case of Manuel v. Metropolitan Life Ins. Co., 139 So. 548, it was held by the Court of Appeals for the First Circuit of Louisiana (an appellate court—but not the Supreme Court of La.) that under the prayer for general relief, judgment could be rendered for monthly instalments subsequently accruing during the entire period of disability, or the remaining life expectancy of the claimant. However, in policies providing benefits for total and permanent disability the subsequent recovery of the insured can always be shown, although most policies, as in the present case, stipulate that examination or evidence of continuing disability shall not be required oftener than once a year. Such a holding or statement in the decision means nothing more than an assertion or reiteration of the provisions of the policy, that the sum promised shall be paid at monthly intervals during the total and permanent disability of the insured. Putting this in the decree means only that the payments shall continue, without the necessity of filing another suit until disability ceases and is made to appear in proper and timely proceedings, presumably at the instance of the insurer. The issue of disability for future months or years and hence the amounts thereof for jurisdictional purposes, could not become involved until their maturities had arrived.

Certainly, any judgment for disability benefits presently due could not be res adjudicata of those accruing under the policy either as a matter of contract or because of the statute, Act 310 of the Louisiana Legislature of 1910. Even if this decision could be said to be binding upon a Federal Court (and I do not believe it could) the effect would not be to increase the amount involved within the meaning of the Federal law as to the minimum jurisdiction of this court.

■ As to the estoppel plead by plaintiff, it is my interpretation that the plaintiff said and intended to say simply that having recognized his disability and made the payments, defendant could not refuse payment until it had demanded further information and examination of plaintiff. It would seem that, at best, the estoppel could apply only as to those payments which had actually accrued, otherwise the insurer would be deprived of the right to show, in event of recovery in the meantime, that its stipulated liability to pay during disability had ceased.

It is my view that the amount involved, within the meaning of the statute, is below the minimum jurisdiction of this court.

Decree remanding the case to the state court should be presented.