# THE JESSIE WILLIAMSON, JR.

## STARIN *v.* THE JESSIE WILLIAMSON, JR., AND WILLIAM H. SISE & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Decided April 23d, 1883.

*Admiralty—Appeal—Jurisdiction.*

The libellant in a suit *in rem*, in admiralty, against a vessel, for damages growing out of a collision, claimed in his libel, to recover $27,000 damages.

After the attachment of the vessel in the district court, a stipulation in the sum of $2,100, as her appraised value, was given. The libel having been dismissed by the circuit court, on appeal, the libellant appealed to this court : *Held*, that the matter in dispute did not exceed the sum or value of $5,000, exclusive of costs, as required by § 3 of the act of February 16th, 1875, 18 Stat. 316, and that this court had no jurisdiction of the appeal.

A decree against the vessel for $27,000 would not establish the liability of the claimant to respond for that amount *in personam*, unless he was the owner of the vessel at the time of the collision, and that fact must appear by the record, in order to be so far a foundation for such liability as to authorize this court to consider the $27,000 as the value of the matter in dispute on said appeal.

Libel in admiralty for a collision, alleging a damage to barge and cargo of upwards of $27,000. The offending vessel was appraised at $2,100, and a statutory stipulation for that amount was taken. Judgment was rendered below against the libellant, who appealed. The appellees moved to dismiss the appeal for want of jurisdiction.

*Mr. R. D. Benedict* for the appellant.—The case of *The Enterprise*, 2 Curtis, 317, is a strong and sufficient authority against the motion. In that case a libel was filed for wages, and a decree rendered in the district court for more than $50. The vessel was sold, and after paying the marshal's fees, there remained only $13.10, which was paid into court. The claimant of the vessel insisted on his right to an appeal to the circuit court, which was resisted by the libellant, on the ground that the " matter in dispute " was the proceeds of the vessel, and did not equal $50. But the circuit court, Curtis, J., held otherwise and allowed the appeal, saying, " what is in dispute in this case is not the vessel or even the existence of a lien thereon as a security for any wages which may be due ; but it is whether any wages are due, and, if any, what is their amount." So in this case the " matter in dispute " is not the vessel, nor her proceeds, nor the stipulation which " takes the place of the vessel," nor the existence of a lien on the vessel for the damages claimed ; but it is whether any damages are due, and, if any, what is their amount ? While we have found no authority in this court, which is as directly in point as the case of *The Enterprise*, yet authorities which adopt the principle and cover the

case are not wanting in the decisions of this court. "When the plaintiff sues for an amount exceeding $2,000 and the *ad damnum* exceeds $2,000, if by reason of any erroneous ruling of the court below the plaintiff recovers nothing or less than $2,000, then *the sum claimed by the plaintiff* is the sum in controversy for which a writ of error will lie." Story, J., *Knapp* v. *Banks*, 2 How. 73. See also *Ross* v. *Prentiss*, 3 How. 771; *Wilson* v. *Daniel*, 3 Dall. 401; *The Falcon*, 17 How. 19; and *Richmond* v. *Milwaukee*, 21 How. 391. The question of the amount or value or the security which the party plaintiff has for his claim has never been considered by the court. In the case of *Ross* v. *Prentiss*, 3 How. 771, an effort was made by an appellant, in order to sustain an appeal, to have the court consider the value of land on which an execution had been levied as being the matter in dispute. But the court refused to do so, holding that the matter in dispute was the amount of the execution, against which the appellant sought relief, saying, "the only matter in controversy is the amount claimed on the execution. The dispute is whether the property in question is liable to be charged with it or not." So here the matter in controversy is the libellant's claim for damages. Whether the vessel is of value enough to pay the claim does not affect the dispute. In the case of *Wilson* v. *Daniel*, 3 Dall. 401, Chase, J., while saying that the demand of the plaintiff ought not to be made the sole criterion, says: "It must be acknowledged, however, that in actions of tort or trespass, from the nature of the suits, the damages laid in the declaration afford the only practicable test of the value of the controversy." This rule is subject to this exception, that if the amount of the damages in such a case has been fixed by a judgment, the amount of the judgment is the "matter in dispute," as far at least as concerns an appeal *by the defendant*. In this case of *Wilson* v. *Daniel*, above cited, the existence of this exception to the rule was denied, and attention called by Ch. J. Ellsworth to the inequality between the parties which the exception would create. But later cases have established the existence of the exception. *Gordon* v. *Ogden*, 3 Pet. 34. That exception, however, does not exist in this case, which comes

squarely within the general, rule that the *damages laid* are the "matter in dispute" in cases of tort or trespass. The argument is adduced that "if the libellants had recovered a decree for the full amount of their damages, the claimants could only be called on to pay the $2,100, the value of their vessel, and they could not appeal." But that this is an error is shown by the case of *The Enterprise, supra.* The claimants could appeal, because the decree in the suit *in rem* fixes the right between the parties. And in the admiralty, "in a suit *in rem*, it is not usual to render a decree *in personam*, but if the case proved shows a clear right to recover *in personam*, the libellant may be permitted, after a decree. *in rem*, to introduce the proper allegations *in personam*, and proceed upon them to a further decree against the person." Benedict's Admiralty, 2 ed. § 541. See Betts Practice, p. 99. The error of the brief for appellees is in confounding the liability of the stipulators with the matter in dispute between the principal parties. The liability of the stipulators arises out of their stipulation, and, of course, cannot be greater than the amount of the stipulation. But that has nothing to do with the liability of the claimants for the damages sustained by the libellant. This arises out of the collision. And it is this which is the "matter in dispute" between the parties, entirely irrespective of the amount of security which the libellant may have for the payment of the damages.

*Mr. Henry J. Scudder* for appellee.

Mr. Justice Blatchford delivered the opinion of the court.

This is a suit *in rem*, in admiralty, to recover damages for a collision, brought in the district court, where the libel was dismissed. The decree was affirmed by the circuit court, on appeal, and the libellant has appealed to this court. The amount of damages claimed in the libel is $27,000. The collision occurred on the 2d of November, 1875. The libel was filed on the 5th day of the same month, and the vessel was attached, under process, on the same day. On the 9th, Richard H. Seaward, describing himself as master of the schooner sued,

filed a claim to her, in which he stated that he intervened, as agent of the owners of the schooner, "for the interest of Daniel Marcy, William H. Sise, and others, owners of said schooner," in her, and made claim to her, and averred that he was in possession of her when she was attached, and that "the persons above named and others are the true and. *bona fide* owners" of her, and that no other person "is" her owner. The master signed the claim as "agent," and made oath to it "that the owners of said schooner reside in Portsmouth, N. H., and Kittery, Maine, and that this deponent is duly authorized to put in this claim in behalf of the owners of the said schooner, &c." On the 12th of November the value of the schooner was fixed by appraisement at the sum of $2,100, and a stipulation for value in that amount was entered into pursuant to the rules and practice of the district court, signed "W. H. Sise & Co., by R. H. Seaward," and also signed by two sureties, not claimants. A stipulation for costs, entered into on behalf of the claimants, on November 9th, pursuant to the rules and practice of the district court, recites that a claim had been filed in the cause "by Daniel Marcy, William H. Sise, and others, owners of said vessel, &c." The answer, which was sworn to December 18th, 1875, purports to be the answer of seventeen persons (two of whom are Daniel Marcy and William H. Sise), whom it states to be "claimants of the schooner" and "respondents," and the answer speaks of the vessel as the "respondents' schooner." The oath to the answer is made by a person who swears that he is "agent for the schooner," "and transacts business for her owners," and "that the owners are not, nor is either of them, or the master thereof, within this district."

The appellees move to dismiss the appeal for want of jurisdiction in this court to entertain it, on the ground that the matter in dispute does not exceed the sum or value of $5,000, exclusive of costs, as required by § 3 of the act of February 16th, 1875, ch. 77, 18 Stat. 316. We have held, at this term, on a full review of the subject, in *Hilton* v. *Dickinson*, *ante*, page 165, that while we have jurisdiction of a writ of error or appeal by a plaintiff below when he sues for as much as or more than our jurisdiction requires and recovers nothing,

the actual matter in dispute in this court, as shown by the record, and not alone the damages alleged or prayed for in the declaration, must be looked to in determining the question of jurisdiction. We have also held, in *Elgin* v. *Marshall*, 106 U. S. 578, that the required valuation is limited to the matter in dispute in the particular suit in which the jurisdiction is invoked; that any estimate of value as to any matter not actually the subject of that suit must be excluded; and that there cannot be added to the value of the matter determined in that suit any estimate in money, by reason of the probative force of the judgment itself in some subsequent proceeding. As is remarked in the latter case:

" The value of the judgment, as an estoppel, depends upon whether it could be used in evidence in a subsequent action between the same parties."

In the present case, although the libellant may recover $27,000 against the vessel, because he demands that amount against her, it is plain that he cannot recover, on the stipulation for value, which represents her, more than $2,100, and cannot recover against the sureties in the stipulation more than that amount. Therefore, this being a suit *in rem* only, the value of the vessel, represented by the stipulation, is all that is in dispute, because that is all that the libellant can obtain or the stipulators can lose, in this suit.

The libellant contends, however, that a decree for him for $27,000 against the vessel would establish the liability of the claimants for that amount. But it could not be contended that this would be so in any case but one where the claimants were alleged and shown to have been the owners of the vessel sued, at the time of the collision. In the case of *The Enterprise*, 2 Curtis, 317, the record showed that the claimant of the vessel was an owner of her during the voyage for which the wages sued for were claimed, and that by his answer he contested in that character the right to wages. For these reasons it was held that the decree in the suit *in rem* bound him personally, as *res judicata;* that a libel *in personam* against him would

lie to execute that decree ; and that the matter in dispute in that case was not the vessel or the existence of a lien on her. The proceeds of the sale of the vessel were $13.90, the decree was for more than $50, and $50 was the amount necessary for jurisdiction on an appeal. Under these circumstances an appeal was allowed.

There is no allegation, in the libel, in this case, as to who were the owners of the vessel at the time of the collision, and nothing is set forth therein as a foundation for any ultimate recovery against any particular persons, as such owners, of so much of the $27,000 claimed as may exceed the appraised value of the vessel. Rule 15, in admiralty, provides that "in all suits for damage by collision, the libellant may proceed against the ship and master, or against the ship alone, or against the master or the owner alone, *in personam*." This rule, as is well settled, excludes the joining in one suit of the vessel and her owners ; but it does not prevent the introduction into the libel of allegations as to the ownership of the vessel at the time of the collision, with a view to a proceeding to obtain such ultimate relief *in personam*, on the basis of a recovery *in rem*, as the libellant may be entitled to. Nor is there in the record in this case anything which can be held to establish, as against the claimants of the vessel, though they were her owners when the claim was filed, that they were her owners at the time of the collision, and so in a position to be liable to respond *in personam* for the damages suffered by the libellant, in a proper proceeding *in personam*.

If the libellant had recovered more than $5,000 in this case, in the circuit court, against the vessel, the claimants could not have appealed to this court, because for the reasons above set forth, the amount in dispute would have been only $2,100, on the record as it stands. As we held in *Hilton* v. *Dickinson*, the statute does not give to the plaintiff an advantage over the defendant, under the same circumstances.

*The appeal is dismissed for want of jurisdiction.*