### Lozano and others *v*. Wehmer, as Ex'x, etc.

*(Circuit Court, E. D. Wisconsin.   January 21, 1885.)*

**1. Jurisdiction of Circuit Court—Amount in Dispute—Act of March 3, 1875, § 5—Dismissing Case.**

Where the complaint or declaration alleges a claim within the jurisdiction of the circuit court, and the trial develops a substantial controversy or dispute over such claim, the jurisdiction will not be defeated by proof of partial payment of the demand, especially if there is an issue upon such payment; but where the plaintiff, by written statement of the facts presented at the trial, admits that before suit brought the claim was paid, except a balance less than $500, the case will be dismissed for want of jurisdiction, on motion of defendant, or by the court *sua sponte.*

**2. Same—Remedy in Other Courts.**

The want of remedy in other courts constitutes no reason for affording a remedy in the circuit court.

At Law.

*Shepard & Shepard,* for plaintiffs.

*J. V. V. Platto*, for defendant.

DYER, J.   The plaintiffs allege in their complaint that between the eleventh day of August, 1881, and the sixth day of February, 1882, they sold to Louis H. Wehmer, then in life, but since deceased, goods and merchandise of the value of $518; that he died testate, February 15, 1882, possessed of personal estate; that the defendant was duly appointed executrix of the last will of the deceased, and that no part of the plaintiffs' demand has been paid; and judgment is demanded for the amount thereof, with interest.   Several defenses are interposed, among which is that of payment, and also a general denial of liability.   A trial by jury having been waived, the case has been submitted to the court upon certain undisputed evidence and an agreed statement of facts, from which it appears that Louis H. Wehmer died on the twenty-third day of January, 1882; that a special administrator of the estate of the deceased was appointed by the probate court, pursuant to the statutes of Wisconsin, on the twenty-fourth day of January; that the entire demand of the plaintiffs was paid by the deceased in his life-time, except two items of $60 each, under dates of January 6 and February 6, 1882; that the portion of the plaintiffs' demand so paid amounted to $424, and that prior to the commencement of this suit the special administrator surrendered to the defendant, as executrix, the assets and estate of the testator. Concerning the item of $60, under date of January 6, 1882, there is no dispute between the parties.   It is admitted that the deceased made that purchase in his life-time, and that it is unpaid.   As to the item of $60, of date February 6th, it is shown that the deceased in his life-time was a retail druggist and dealer in cigars; that after his death the special administrator, being in charge of the business, ordered from the plaintiffs, without any authority from the probate court so to do, a quantity of cigars, amounting in value to $60, which entered into and were sold by the special administrator as part of the stock of merchandise left by the deceased.   Thus it will be seen that the real controversy between the parties is upon the item of the plaintiffs' demand last referred to, amounting to $60; and that the total amount for which judgment is asked is $120, and interest.

Upon this state of facts it is obvious that this court ought not to retain the case for judgment on the merits, but should dismiss it for want of jurisdiction.   There was some discussion on the argument as to whether the jurisdiction of the court depended upon the amount for which judgment was demanded in the complaint, or upon the sum actually in controversy as shown at the trial; and cases were cited by plaintiffs' counsel arising under the original judiciary act, to the effect that, for the purposes of jurisdiction, the sum demanded in the declaration or complaint is to be regarded as the amount in controversy.   But section 5 of the act of congress of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States," etc., (18 St. pt. 3, p. 470,) provides "that if, in any suit

commenced in a circuit court, * * * it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit, * * * and shall make such order as to costs as shall be just." This provision of law is new in the act of 1875. It exactly covers the case at bar. It was intended to meet just such a state of case as we have here. The circumstance that the plaintiffs demand judgment in their complaint for an amount in excess of that required for purposes of jurisdiction, cannot help them. It is evident that the suit "does not really and substantially involve a dispute or controversy properly within the jurisdiction" of this court, and the plaintiffs must be presumed to have known such to have been the fact when they brought their suit; for they now come into court and voluntarily stipulate that their demand, except the sum of $120, was fully paid by the deceased in his life-time. The provision of the act of 1875, before quoted, was passed to prevent just such an attempt to invoke the jurisdiction of the federal court as is here disclosed. The plaintiffs ought to have known, they must have known, they will at least be presumed to have known, that their demand, in excess of $120, was paid by the testator in his lifetime; and yet they come into this court, in the first instance, including in their demand all the items thus fully paid, and demanding judgment for the same, and then at the trial admit, in a written stipulation of facts, that they received payment, before suit brought, of $424 of their demand, and that the real sum in dispute is $120. No proof is presented, no suggestion was made on argument, that the plaintiffs supposed, or had any ground for supposing, when they commenced their suit, that their demand had not been paid, except the sum of $120.

Where the complaint or declaration alleges a claim within the jurisdiction of the court, and the trial develops a substantial controversy or dispute over such claim, the jurisdiction will not be defeated by proof of partial payment of the demand, especially if there is an issue upon such payment. But that is not this case. Here the plaintiffs, by written statement of the facts presented at the trial, admit that the testator, in his life-time, paid them in full, except the sum of $120,—$60 of which was incurred after his death by the special administrator. The case is clearly within the act of 1875. Authorities are not needed in support of a proposition so plain. If this point of jurisdiction had not been raised at the trial by counsel for the defendant, it would still be the duty of the court, *sua sponte*, to order a dismissal of the suit. It is well said by Judge Brown in *Rae* v. *Grand Trunk Ry. Co.* 14 Fed. Rep. 402, that "if it should appear that the plaintiff, at the time suit was commenced, must have known that the amount of his recovery would be less than five hun-

dred dollars, I apprehend it is the duty of the court to dismiss; although, if he had sued in good faith to recover more than five hundred dollars, the fact that the verdict for a less sum was obtained, would not deprive the court of jurisdiction, and would only affect his right to costs." Here the plaintiffs must have known when they brought their suit that the amount of their recovery would be less than $500. Suggestion was made on the argument that if the plaintiffs could not recover in this court they were without remedy; for they could not sue in the state court, and the time within which they might have presented their demand to the probate court for allowance, under the state statute, had long since elapsed. The want of remedy in other courts constitutes no reason for affording a remedy in this court. Indeed, the very suggestion leads this court to apprehend that the plaintiffs brought their suit in this court because they had lost their remedy in any other court, and hoped to successfully invoke the jurisdiction of this court by asserting a demand, concerning the greater part of which there could be no dispute, because, as they admit, it had been previously paid. Suit dismissed, with costs, except attorney's fees.