## CABOT v. McMASTER.

(Circuit Court, N. D. Illinois.   April 27, 1894.)

JURISDICTIONAL AMOUNT IN FEDERAL COURTS—SUIT ON PENAL BOND.
   When one sues for the full amount of a penal bond which exceeds $2,000, but at the trial his own evidence shows that he actually claims less than $2,000, the case must be dismissed. Act March 3, 1875, § 5. Postmaster General v. Cross, 4 Wash. C. C. 326, Fed. Cas. No. 11,306, distinguished.

This was an action by Samuel Cabot against William I. McMaster, as surety on a penal bond.   Defendant moved to dismiss the case for want of jurisdiction.

Dent & Whitman, for plaintiff.

Hand, Milchrist & Smith, for defendant.

BUNN, District Judge.   This is an action brought against the surety on a penal bond given by the defendant, with one Edwin A. Mason as principal, in the sum of $6,000.   The bond was given for the faithful performance of a contract with the plaintiff made by Mason, the principal in the bond, and for the payment over of all moneys coming to his hands under said contract.   The declaration sets out the bond and contract in full, and charges a breach of the contract on the part of Mason, and a breach of the conditions of the bond, in the sum of $6,000 damages, for which sum the plaintiff prays a judgment against the defendant.   Several pleas were pleaded by the defendant, the effect of which is to deny the indebtedness charged, and the breach of the conditions of the bond, and to put the plaintiff to prove the same.   Upon the trial, which was without a jury, the plaintiff, by his own showing, proved a breach of the contract upon Mason's part, and consequent breach of the conditions of the bond in suit, in the sum of $1,496; and there was no contest on the trial as to this being the amount due the plaintiff from Mason, and which he had failed to pay over according to his contract and the terms and conditions contained in the bond.   But it was insisted by the defendant that he was, in law, released from his obligation, as surety, to pay this sum, because of an extension in the time of payment given by the plaintiff to Mason.   Then a motion was made on the trial by the defendant's counsel to dismiss the action for the want of jurisdiction in this court, on the ground that the amount in controversy does not exceed the sum of $2,000.   On the part of the defendant, it is contended that the amount in controversy is the sum actually due by reason of the breach of the condition of the bond; and, on the plaintiff's part, it is claimed that the amount in controversy is determined by the amount named as the penalty in the bond.   The defendant's contention, it seems pretty clear, is the one that must prevail.   If nothing but the pleadings in the case were to be looked to, no doubt the amount in dispute should be adjudged to be $6,000; but when the proof is taken, and the plaintiff, by his own evidence, shows that he is only claiming a recovery of $1,590, it would seem preposterous to say that the sum in actual

dispute is any more than the plaintiff claims by his proofs, simply because he alleged a breach of the conditions of the bond in damages to the extent of $6,000, and because, in form, he would take a judgment for that sum, but could issue execution only for $1,590.

If this contention could be supported, it would completely nullify the provisions of section 5 of the act of congress of March 3, 1875 (18 Stat. pt. 3, p. 472), which provides "that if, in any suit commenced in a circuit court  *  *  *  it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought  *  *  *  that such suit does not really and substantially involve a dispute or controversy, properly within the jurisdiction of said circuit court  *  *  *  the said circuit court shall proceed no further therein, but shall dismiss the suit  *  *  *  and shall make such order as to costs as shall be just." Whatever the rule may have been previous to the enactment of the jurisdiction law of 1875, it would seem pretty clear, under this provision, that the parties cannot, by making the proper allegations in the pleadings, give this court jurisdiction, if it shall appear by the plaintiff's own showing that the amount really and substantially in dispute does not exceed the sum of $2,000, exclusive of the interest and costs, according to the provision of the jurisdiction act of August 13, 1888 (25 Stat. p. 434).

The provision of the law first above cited was new in the jurisdiction act of 1875, and it is difficult to see why it does not cover the case at bar. If the court could take jurisdiction of this case, it could take jurisdiction of any case on a penal bond for more than $2,000, provided the claim for damages in the declaration exceeded that sum, though the amount actually and equitably due on the bond might be but $50. It was the purpose of the above provision to meet just such cases, and to prevent the court from taking jurisdiction on account of merely colorable allegations to give jurisdiction unwarranted by the facts. Of course, if there appears to be an actual controversy involving more than $2,000, though the recovery may be reduced, by payments or otherwise, below that sum, the court would retain jurisdiction. But if there is no such controversy in the case the plaintiff cannot, by alleging damages in a sum greater than he knows, or has any reason to believe, he can recover, give the court jurisdiction. A suit is brought upon a promissory note for $5,000. The plaintiff sets out the note properly, and alleges that no part of it has been paid, and claims judgment for $5,000. The defendant sets up payment of the note. On the pleadings the sum in dispute is $5,000, and the court assumes jurisdiction. On the trial the plaintiff introduces in evidence the note, on which there are, in his own hand, and under his own signature, indorsements of payments which reduce the amount due to $1,500; and he claims judgment for that sum. Should not the court dismiss for want of jurisdiction? I think so. But, in substance, that case is like the one at bar, and cannot be distinguished on principle. But if the plaintiff introduces his note without any indorsement of payment, and the defendant introduces evidence of payment which is controverted by the plaintiff's testimony in rebuttal, showing a real controversy,

and the jury find payments which reduce the plaintiff's recovery to a sum less than $2,000, the court would still retain jurisdiction, for, though the recovery is less than $2,000, the sum in controversy is more.

It is evident that the plaintiff in the case at bar knew when he brought his suit that he was entitled to recover but $1,590. That sum is all he claimed on the trial, and all his own evidence had any tendency to show he was entitled to recover. It would seem quite anomalous to hold, as matter of law, that the sum really in dispute is more than the plaintiff claimed on the trial, or attempted to prove. It has been repeatedly held by the United States supreme court that, for purposes of jurisdiction in action upon penal bonds, the true criterion of jurisdiction, so far as the amount in controversy is concerned, is not the penalty named in the bond, but the sum actually and justly due by reason of the breach of the condition. There would be little sense in any other rule. While, in form, the plaintiff takes a verdict and judgment for the amount of penalty, his actual recovery is confined to the sum equitably due on account of the breach. This was ruled first in U. S. v. McDowell, 4 Cranch, 316. In that case the penalty of the bond was $20,000. The amount due by reason of the breach was $328. This was held to be the sum in dispute, and as it was less than $2,000 the supreme court dismissed the case for want of jurisdiction. The same rule is affirmed in U. S. v. Hill, 123 U. S. 681, 8 Sup. Ct. 308. Here the penalty of the bond was also $20,000, but the sum equitably due by reason of the breach was but $517.07, which was held to be the amount in dispute, rather than the penal sum named in the bond, and the case was dismissed.

The case of Lozano v. Wehmer (decided in the eastern district of this state) 22 Fed. 755, holds the same rule, though not a case upon a penal bond. But I do not think that a material difference. The same rule that governs in other actions on a money demand governs in this. That rule, as laid down in the numerous cases decided by the supreme court, is this: That the question of jurisdiction is governed by the value of the actual matter in dispute, as shown by the whole record, and not by the damages claimed, or the prayer for judgment, alone. Lee v. Watson, 1 Wall. 337; Schacker v. Insurance Co., 93 U. S. 241; Gray v. Blanchard, 97 U. S. 564; Tinstman v. Bank, 100 U. S. 6; Banking Ass'n v. Insurance Ass'n, 102 U. S. 121; Hilton v. Dickinson, 108 U. S. 174, 2 Sup. Ct. 424; The Jessie Williamson, Jr., 108 U. S. 305, 2 Sup. Ct. 669; Jenness v. Bank, 110 U. S. 52, 3 Sup. Ct. 425; Webster v. Insurance Co., 110 U. S. 386, 4 Sup. Ct. 79; Bradstreet Co. v. Higgins, 112 U. S. 227, 5 Sup. Ct. 117; Bowman v. Railway Co., 115 U. S. 611, 6 Sup. Ct. 192. In Hilton v. Dickinson the court says:

"It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern, in all questions of jurisdiction; but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

That, I think, is the rule in this court. There is no reason for a different rule in this court from that prevailing in the supreme court.

Much reliance has been placed by plaintiff's counsel upon the case of Postmaster General v. Cross, reported in 4 Wash. C. C. 326, Fed. Cas. No. 11,306, as an authority to show that the penalty of the bond is the amount in dispute, rather than the sum justly due. But that case, as I understand it, is not an authority for the plaintiff. It is in strict accord with the cases above referred to, decided in the United States supreme court. It was a case originating in the district court, and taken to the circuit court by writ of error. The sum in dispute, to give the circuit court jurisdiction, was $50. The action was by the postmaster general against a deputy postmaster and his surety on his official bond, in the penal sum of $1,000. There was a plea of non est factum and payment. There was no allegation in the declaration of any breach or damage for a less sum than the penalty of the bond. The district attorney for the government produced the account, as settled by the postmaster general, by which it appeared that the sum claimed as being really due by the principal in the bond was upwards of $400. There was, however, no verdict or finding fixing the sum actually due the government. There was, in place of that, a special verdict finding the bond to be the deed of the defendant, and a number of other facts tending to tax the plaintiff with neglect in not bringing suit on the bond while the principal was able to pay, and omission to give the sureties notice of the default of the principal. Defendants' counsel moved to dismiss the writ for want of jurisdiction, but the court held that, the declaration containing no breach showing that a smaller sum than the penalty of the bond named was claimed, and no verdict of the jury or finding as to the amount, the penalty of the bond must be taken as the amount in dispute. But the court say, if there had been a verdict for a less sum than $50, that would have been the matter in dispute, and the court could not have entertained the writ; and this is in strict accord with the other cases above cited. The circuit court did not undertake to overrule or qualify the case of U. S. v. McDowell, above cited, but refers to it approvingly. The case was reversed because there were no breaches assigned in the declaration or replication, and for other reasons.

The case must be dismissed for want of jurisdiction in this court, the sum in dispute being less than $2,000.