## WHEELER BLISS MANUF'G CO. v. PICKHAM.

### (Circuit Court, N. D. Illinois. July 27, 1895.)

CIRCUIT COURT—JURISDICTION—AMOUNT IN CONTROVERSY.

Where a plaintiff sues in good faith for the contract price of goods sold and delivered, amounting to over $2,000, and obtains a verdict for less than that sum because the defendant proves a set-off, of the exact amount of which the plaintiff had no notice before the trial, the court is not deprived of jurisdiction, although plaintiff's counsel admits, after the evidence is all in, that the recovery must be for less than $2,000.

Assumpsit by the Wheeler Bliss Manufacturing Company against Thomas Pickham. Plaintiff obtained a verdict. Defendant moves for a new trial.

Flower, Smith & Musgrave, for plaintiff.
O'Shea & Maloney, for defendant.

SEAMAN, District Judge. The defendant moves for a new trial upon a question of jurisdiction, which was raised at the last moment before submitting the cause to the jury, but of which final consideration was reserved for this motion. The contention is that it appeared upon the trial that the suit did not "really and substantially involve a dispute or controversy" over an amount exceeding $2,000; that because the uncontradicted testimony limited the best possible recovery of the plaintiff to a sum less than that amount, and especially because it was so admitted by its counsel in his argument to the jury, the plaintiff was concluded against its assertion of a claim in excess, and the court was deprived of jurisdiction by the terms of section 5 of the act of March 3, 1875 (18 Stat. 470, c. 137). The declaration was for goods sold and delivered at the contract price, alleged and proved to be $2,610, all due and unpaid. There was vigorous contest by the defendant against any liability under the contract; and, as further matter of defense, it was shown that the authorized agent of the plaintiff, for the purpose of terminating the executory contract of sale between the parties, agreed to an allowance or deduction upon the account against the defendant of one dollar each for "indicators" (being the subject of sale) which then remained on his hands. The plaintiff did not dispute this promise when the testimony came in, but it is my recollection that the evidence was received against its objection as inadmissible on the ground that it was only a proposal for settlement, which was not accepted, and therefore not operative; and it was clearly insisted on its behalf that the number of these indicators on hand was not ascertained or stated at the time, and that they were supposed by its agent not to exceed 400; that the first and only definite information plaintiff had of the amount was obtained through the testimony at the trial. Having no proof with which to oppose the defendant's testimony that there were 635 of these indicators on hand, and being overruled in his objections to the admissibility of this offer, counsel for plaintiff frankly stated to the jury that the deduction should be made by them in

arriving at the amount of their verdict. If there was, as contended by counsel for plaintiff, misunderstanding of the fact, or if there was simply a failure on the part of the plaintiff to meet the proof of the number on hand, or if the ruling was not anticipated by which the testimony was admitted, must the submission of plaintiff or its counsel to either of these contingencies serve to oust jurisdiction? I am satisfied that the statute has no such purpose, that it was not intended to turn the plaintiff out of court for a mere failure to prove his claim up to an amount exceeding $2,000, but that its purpose was to bar one who assumed to enter the jurisdiction with his pleadings framed to simulate the conditions which confer jurisdiction when the claim actually made and presented was not cognizable. The true test is whether a bona fide contest was presented to recover more than $2,000 in the action. Unless it clearly appears from the record, or in the course of the trial, that it was not seeking such recovery in good faith, upon fair prima facie claim, the plaintiff is entitled to have its controversy determined, without regard to the amount which may be actually recovered upon the whole testimony; and certainly it should not be dismissed by reason of the commendable action of counsel in conceding the deduction, which appeared to him satisfactorily proved. This plaintiff came into court asserting its claim for the full contract price of the goods sold, and on the face of the transaction, no payments having been made, would have recovered $2,610; and there is no impeachment of the good faith of that assertion. The verdict was for less than $2,000, because of matters introduced by the defense,—evidence tending to show damages from defects in goods and other causes, and this subsequent promise to deduct $1 apiece for indicators unsold. If it be assumed that the plaintiff was bound to recognize this alleged promise by its agent, for the purpose and as a condition precedent to its right to sue in this court, no requirement can be imposed that it must know the amount to which the defendant may claim credit thereupon, in the absence of any notice or statement from the latter; and surely the plaintiff could contest the amount of allowance, or put the defendant to his proofs. In any view, the plaintiff's understanding that only 400 of the indicators were on hand, leaving its claim more than the jurisdictional amount, would justify this action. Neither the final showing upon the trial, nor its results, should defeat jurisdiction, with the claim, as a whole, thus asserted and contested.

I have examined with care the authorities cited by counsel for defendant, and find no support in any of them for his contention; and the rule upheld by the supreme court in Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 Sup. Ct. 416, clearly sustains jurisdiction in this case. The amount there in actual controversy was determined irrespective of the effect of the statute of Nebraska, authorizing attachment for a debt not due. The same doctrine is held in Peeler's Adm'x v. Lathrop, 2 U. S. App. 40, 51, 1 C. C. A. 93, 48 Fed. 780; Hardin v. Cass Co., 42 Fed. 652; and Cabot v. McMaster, 61 Fed. 129. Cabot v. McMaster is a decision by Judge Bunn, and in this court. It is referred to by counsel for defendant

as a precedent for denial of jurisdiction here; but the opinion, and the facts as well, in that case clearly distinguish it from the one at bar. There the action was on a bond in which the penal sum was $6,000, but the only liability either claimed or proved by the plaintiff for recovery upon the trial amounted to $1,590. It was thereupon held that this real claim was the sole subject of controversy, and limited the amount involved; that jurisdiction could not be maintained by confining the declaration to a statement of the nominal amount of the bond. The opinion states that it was the purpose of the statute "to meet just such cases, and to prevent the court from taking jurisdiction on account of merely colorable allegations to give jurisdiction unwarranted by the facts"; and then remarks: "Of course, if there appears to be an actual controversy involving more than $2,000, though the recovery may be reduced, by payments or otherwise, below that sum, the court would retain jurisdiction." The case at bar is clearly within this just qualification. It may be noted that a writ of error in that case was not entertained by the circuit court of appeals, and the question there decided was not passed upon by the appellate court. 13 C. C. A. 39, 65 Fed. 533. But the case here is substantially different from that, and would not be affected by any view of that ruling. In the absence of any other assignment of error, the motion for a new trial must be overruled, and judgment will enter upon the verdict.