**Francis Farrington WHITTEMORE et al.,**
**Appellants,**

v.

**Elizabeth P. FARRINGTON et al.,**
**Appellees.**

**No. 14843.**

United States Court of Appeals
Ninth Circuit.

June 6, 1956.

Rehearing Denied July 20, 1956.

Ernest C. Moore, Jr., J. Russell Cades, Blaisdell & Moore, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, for appellants.

J. Garner Anthony, William F. Quinn, Robertson, Castle & Anthony, Honolulu, Hawaii, for appellees.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellants are attempting to disqualify Circuit Judge Calvin C. McGregor of the Territory of Hawaii from hearing a matter pending before the court over which Judge McGregor presides.

A brief history of the litigation in which the disqualification is alleged to exist may be helpful. On July 30, 1954 one Edmund Leavey commenced an action in the Circuit Court of the First Judicial Circuit, Territory of Hawaii by petition asking "confirmation and authority to act as successor trustee" in the matter of the trust estate of Wallace H. Farrington, deceased. The petition was opposed and a cross-complaint filed by appellees Elizabeth P. Farrington and her two adopted children. The cross-complaint asserted that inasmuch as the said appellees constituted a majority in number and interest of those having interests in the trust estate the law of Hawaii[1] empowered them to name the successor trustees.

During the pendency of this action and on March 17, 1955, the expiration of the term of office of United States District Judge J. Frank McLaughlin occurred.[*] By motion and supporting affidavit filed April 22, 1955 appellants asked Judge McGregor to disqualify himself and designate another judge to preside, alleging that such disqualification was required by § 9573, Revised Laws of Hawaii 1945. The affidavit supporting the motion for disqualification was to the effect that Judge McGregor was seeking appointment to succeed Judge McLaughlin in the Federal district court; that appellee Elizabeth P. Farrington was at the time a delegate to the Congress of the United States from the Territory of Hawaii; that as such delegate Elizabeth P. Farrington was in a position to influence the appointment of the successor to Judge McLaughlin and that, therefore, Judge McGregor was believed to have a personal bias and prejudice in favor of Mrs. Farrington. On April 25, 1955 Judge McGregor denied the motion for disqualification.

Appellants immediately petitioned the Supreme Court of Hawaii for a writ of prohibition to require Judge McGregor to disqualify himself and to request another judge to preside. The Supreme Court of Hawaii denied the writ. Appellants are attempting to appeal from that ruling to this court. Ap-

---

1. Sec. 12572, Revised Laws of Hawaii.

* See 28 U.S.C.A. § 134(a).

pellees have challenged our jurisdiction and have moved to dismiss.

Jurisdiction over appeals from the Supreme Court of Hawaii is conferred upon this court by 28 U.S.C.A. § 1293.[2] That section limits our jurisdiction to three classes of cases, viz.

(1) Cases involving the Constitution, laws or treaties of the United States,

(2) Habeas corpus proceedings, and

(3) All other civil matters where the value in controversy exceeds $5,000 exclusive of interests and costs.

■ Some suggestion has been made that in determining whether this appeal from the order of the Supreme Court of Hawaii denying the said writ of prohibition is within the jurisdiction conferred on this court by § 1293, supra, we may consider the petition in the supreme court as ancillary to and part of the main action in the circuit court. We think it important to emphasize at the outset that the proceedings before the said supreme court constitute a separate and independent action[3] and our jurisdiction, if it exists, must arise from matters there involved.

Appellants contend that the petition before the Supreme Court of Hawaii presented a question arising under the "Constitution, laws or treaties of the United States". They cite the decision of the Supreme Court in the case of Tumey v. Ohio, 1927, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, for the proposition that a litigant's right to trial before an impartial tribunal is guaranteed by the 14th Amendment of the United States Constitution. Appellants further contend that the instant case involves a "law of the United States," viz. § 84 of the Hawaiian Organic Act,[4] 48 U.S.C.A. § 636, which provides for disqualification of jurors and judges in certain cases.

■ We are not called upon to resolve these questions because appellants failed, both in the circuit court and Supreme Court of Hawaii, to raise these federal questions. Having so failed they may not now rely thereon in this court. We have held that a federal question upon which it is claimed jurisdiction rests must be raised in the territorial courts, "and timely presented for consideration by the Supreme Court of the Territory. * * *," Warner v. Territory of Hawaii, 9 Cir., 1953, 206 F.2d 851, 852, and cases there cited, Lewis v. Territory of Hawaii, 9 Cir., 1954, 210 F.2d 552, and see also Herndon v. Georgia, 1935, 295 U.S. 441, 55 S.Ct. 794, 79 L.Ed. 1530, in which a similar rule was applied by the United States Supreme Court in exercising its powers of appellate review of state court decisions.

■ Appellants attempt to invoke the third provision of the statute, stating that the value of the trust res in the main action is in excess of $500,000[5] and therefore, the value in controversy exceeds $5,000. We do not think so. The value of appellants' right to an impartial tribunal is the measure of the matter in controversy before the Supreme Court of Hawaii, and that right cannot be measured in dollars and does not meet the ju-

2. 28 U.S.C.A. § 1293 provides: "Final decisions of Puerto Rico and Hawaii Supreme Courts—The courts of appeals for the First and Ninth Circuits shall have jurisdiction of appeals from all final decisions of the supreme courts of Puerto Rico and Hawaii, respectively in all cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs."

3. Bandini Petroleum Co. v. Superior Court, 1931, 284 U.S. 8, 52 S.Ct. 103, 76 L.Ed. 136; Rescue Army v. Municipal Court, 1947, 331 U.S. 549, 67 S.Ct. 1409, 91 L.Ed. 1666; People of State of New York ex rel. Bryant v. Zimmerman, 1928, 278 U.S. 63, 49 S.Ct. 61, 73 L.Ed. 184; Madruga v. Superior Court, 1954, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290.

4. 31 Stat. 157, as amended by 36 Stat. 447.

5. Appellants state the estimated value of the res in that amount in their affidavit filed in this court.

risdictional requirement,[6] Barry v. Mercein, 1847, 5 How. 103, 120, 46 U.S. 103, 120, 12 L.Ed. 70 (custody of child); Potts v. Chumasero, 1875, 92 U.S. 358, 23 L.Ed. 499; Kurtz v. Moffitt, 1885, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458 (habeas corpus); Simms v. Simms, 1899, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (divorce); Leon v. Torruella, 1 Cir., 1938, 99 F.2d 851.

It is argued that the measure of the value of appellants' right to a fair determination in the circuit court of the question of appointment of trustees is the value to them of securing such appointments.[7] Should we adopt this yardstick there still appears no sufficient basis for jurisdiction.

■ The action before the circuit court concerned the appointment of new trustees for the Farrington trust. The relief sought was the designation of trustees. Whatever importance the determination between the candidates for appointment to fill the vacancy in the post of trustees may have had to the parties concerned the rights asserted are not susceptible of monetary measure. It has long been settled that the requirements of statutes predicating federal jurisdiction on the presence of a specified amount or value in controversy are not met by claims for relief not reducible to monetary statement, Barry v. Mercein, supra; Potts v. Chumasero, supra; Kurtz v. Moffitt, supra; Simms v. Simms, supra; Leon v. Torruella, supra.

■ Appellants seek to avoid the force of this rule by arguing that in the course of the circuit court's selection of successor trustees it was required that the court determine which group of beneficiaries constituted the majority in number and interest of those having an interest in the trust,[8] thereby necessitating determination of the claims of the several parties to be beneficiaries. In particular, it is said, it became necessary to determine whether appellees Beverley Farrington Richardson and John Farrington, both adopted children of the trustor, were included in the class gift to "issue." Therefore, it is said that the determination of this question involves determination of a controversy the value of which is in excess of $5,000, the jurisdictional requirement.

There is no merit in this contention. It is well established that collateral questions necessary to a determination of the matter before the court, whether or not giving rise to an estoppel by judgment, may not be considered in computing the jurisdictional amount in controversy, Healy v. Ratta, 1934, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Town of Elgin v. Marshall, 1882, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; The Jesse Williamson, Jr., 1883, 108 U.S. 305, 2 S.Ct. 669, 27 L.Ed. 730; New Jersey Zinc Co. v. Trotter, 1883, 108 U.S. 564, 2 S.Ct. 875, 27 L.Ed. 828; Sociedad Espanola De Auxilio Mutuo y Beneficencia De Puerto Rico v. Buscaglia, 1 Cir., 1947, 164 F.2d 745, certiorari denied 333 U.S. 867, 68 S.Ct. 790, 92 L.Ed. 1145; 1 Moore's Federal Practice, 513–514, 1938.

It is further contended that a necessary effect of the appointment of trustees is the awarding of the right to receive trustee's commissions and that the value of such commissions satisfies the jurisdictional amount requirements of § 1293.

■ Appellants seek to name three trustees to the Farrington trust. Of these, Edmund Leavey alone is a party in the proceedings before the Supreme Court of Hawaii. Ostensibly what Leavey there sought was the right to have

---

6. See further discussion infra.

7. For the general principle that the measure of the value in controversy, for purposes of testing the jurisdictional amount, in suits wherein the plaintiff seeks specific relief rather than damages, is the value of such relief to the plaintiff, see Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821. In First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 1933, 63 F.2d 585, 90 A.L.R. 544, the rule is applied to an action brought to abate other actions.

8. See § 12572, Revised Laws of Hawaii 1945.

an impartial tribunal determine the disposition of his petition to be appointed a co-trustee. As heretofore noted, this right though valuable cannot be measured in terms of dollars and may not support jurisdiction.

■ Contention is made that the measure of the value of Leavey's right to a fair determination of whether he is to be appointed trustee is the value to him of such an appointment. Parenthetically, it should be noted that there is, of course, no "right" to be a trustee; the circuit court may exercise a wide discretion in making its selections, 1 Scott on Trusts, § 108.4 (1939). Leavey is not the inevitable choice. He may never have the right to collect one dollar in fees.

■ But, assuming for the moment that the compensation of trustees not yet appointed could be the measure of the controversy before us, we have a situation where, as yet, no compensation has been earned. This is not a suit for fees that are owing. The services for which trustees fees will ultimately be payable have not yet been rendered. It is only the litigated right to perform the services and earn the fees that is at stake in the circuit court. Had it been determined who would be trustees the case would be similar to a situation of an anticipatory breach of a contract to perform services, where the measure of damages is the amount promised less the value of the services to be rendered, that is the expected profit, not the expected gross receipts, see 5 Williston on Contracts, § 1362 (1937). Appellants have the burden of showing the amount requi-

site to our jurisdiction.[9] As the value of the services to be rendered is highly speculative and has not been established by them they have not satisfied that burden and no specific dollar value can be assigned to the right to be considered as an applicant for appointment as trustee.

■ A further difficulty is present. In appellants' Memorandum in Opposition to Motion to Dismiss appellants admit that the annual income of the trust may be considered to be approximately 4% of the value of the res of $500,000, or $20,000. The commissions payable to the trustees, assuming no extraordinary events, according to the Hawaiian statute,[10] would be 7% of the first $5000 of annual income, or $350, and 5% of the remaining $15,000, or $750, giving a total of $1100 annually. In addition 00.1% of the principal of the trust, or $500, would be payable annually if the trustees are not authorized to employ certain clerical help. Since there are three trustees there is a question as to whether the full amount would be payable to Leavey or only some part thereof.[11] Making all assumptions in favor of appellants, the contrary rule of Healy v. Ratta, supra, notwithstanding, the most we could assume Leavey would receive is $1600 per year. This in itself does not meet the jurisdictional requirement. Capitalization of the value of future compensation is too speculative to be used in determining the jurisdictional amount, see Healy v. Ratta, supra, and Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.[12]

9. McNutt v. General Motors Acceptance Co., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, and on appeals from territorial courts see De La Torre v. National City Bank of New York, 1 Cir., 1939, 110 F.2d 381.

10. Sec. 9757, Revised Laws of Hawaii, as amended by Act 170, Regular Session 1951, p. 561, Sr. D–223.

11. The Hawaiian statute is silent on this point, § 9757, Revised Laws of Hawaii 1945, as amended by Act 170 Regular

Session 1951, Sr. D–223. We are not aware of any Hawaiian decision on the question. Such statutes have been construed both ways in the States, see 2 Scott, op. cit. § 242.10.

12. The decision in Aetna Casualty & Surety Co. v. Flowers, 1947, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024, is distinguishable. Whereas the widow there might be said to have a vested right to receive income for the period involved and to be seeking a determination of that right subject, as the court said, to a

The jurisdictional amount of $5000 not appearing and no federal question being properly before us the motion to dismiss the appeal is granted.

Appeal dismissed.

POPE, Circuit Judge.

I concur. If it were alleged that the facts set forth in the affidavit of disqualification were true, and that hence the territorial judge was disqualified, not merely by the filing of the affidavit, but because he actually had the bias and prejudice which the affidavit asserted, then I would think that the petition for the writ of prohibition presented a question of due process, because of the rule in Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, and In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942. Such a petition, alleging such facts, would, I think, sufficiently present the Constitutional question.

But those are not the allegations of the petition. The disqualification is alleged to exist because of the *filing* of the affidavit alone. That is precisely what the Hawaiian Statute, § 9573 provides. In this respect, the Supreme Court of Hawaii held, the section is like 28 U.S.C.A. § 144, construed in Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481.

But this consequence, the disqualification upon the filing of an affidavit which on its face is legally sufficient, is purely statutory. Under the statute, as construed, the question of the truth or falsity of the affidavit may not be tried or passed upon by the judge. Since the Territorial Court was asked to do no more than to construe and apply this statute, I agree that no constitutional question is presented by this record.

condition subsequent that the income should terminate at her death, here it cannot be said that the trustee would become entitled as a vested right to receive compensation subject to a condi-

tion subsequent of death or removal. Such a proposition would do violence to the concept of the function and role of a trustee relative to the trust he serves.